## SCOTT v. ALEXANDER.

1. The right to costs depends wholly upon statute, and cannot be extended by the courts. For every item of costs or disbursements claimed, statutory authority must be shown.
2. There is no statute allowing the expense of printing papers for the use of the Circuit Court to be taxed as a disbursement in the cause. Printing of papers is only allowed "when required by a rule of the court," and the rules of court require printing only in the Supreme Court.
3. An order of a Circuit Judge in a cause does not operate as a rule of court. A "rule of the court," as here used (*Code,* § 326), means a preexisting rule of general operation, and not a mere order *pro hac vice.*
4. On appeal from the final judgment, an interlocutory order in the cause, requiring the printing of a referee's report for the use of the Circuit Court, may be reviewed.
5. There is no authority for taxing the fees of a stenographer, specially appointed for the case by order of the Circuit Judge, as a disbursement in the cause.
6. Items of costs for services rendered under new issues raised by amended pleadings, are not chargeable in this case to parties having no concern with the new issues so raised. *Scott* v. *Alexander,* 23 *S. C.,* 120.

7. The report of a referee not being furnished to this court, error cannot be declared in the Circuit decree in determining the scope of such report.

8. The decision of this case on a former appeal (23 *S. C.*, 120), stated.

9. The clerk of the Circuit Court is entitled to a docket fee for every term that the case is on the calendar.

10. General exceptions need not be considered.

Before Fraser, J., Richland, April, 1886.

The opinion states the case. The Circuit decree was as follows:

The liability of certain defendants in the above stated case having been passed upon by the Circuit Court, an appeal was taken. The Supreme Court concurring with the Circuit Judge as to their liability for costs, announced the principle by which the taxation of costs as against them should be governed as follows: "They are only chargeable with such costs and disbursements as plaintiff may have sustained in determining the issues originally raised, viz., whether these appellants, with their associates in the board of aldermen, *had increased, or were continuing to increase, the city debt* beyond the prescribed limit at the time of the commencement of the action; whether such costs were incurred before or after the granting of the order of injunction on September 7, 1875, taking care that in charging them with costs and disbursements incurred after that date, that they should be only such costs and disbursements as would be incurred in hearing and determining such issues, and not costs and disbursements in hearing and determining any new issues raised by the complaint as amended."

An inspection of the various reports made by referee Lowe, LeConte, and master Barnwell, has brought me to the conclusion that the work done by them would have been necessary for the hearing and determination of the original issues, even if the new issues had never been raised by the amendments. It is nothing to the purpose to say that circumstances had occurred since the commencement of the action, which made it unnecessary, and even improper, to give to plaintiff the relief demanded in the original complaint, and that they occurred before the costs were incurred. If for no other purpose, it was proper, in order to

determine their liability for costs, that the court should, in the regular way, ascertain whether at the commencement of the action they had increased, or were continuing to increase, the city debt. It is their misfortune that these defendants made it necessary to incur so much costs by not admitting at the outset what these reports show to be true, that they were increasing the city debt. A good deal of the work done by the referees and the master is certainly applicable to the new as well as to the original issues raised by the amendments to the complaint, but I think that this cannot relieve the defendants from their liability for the costs. If there is any part of the work done on these reports applicable only to the new issues, I am unable to separate it from the other in any satisfactory way without much more information as to surrounding circumstances than has been furnished to me in this case.

I do not understand the exceptions to go to the amount of these charges, but only to the liability to pay them under the order of the Supreme Court. While this case is on the docket for any purpose involving these defendants, they should be liable for the docket fees, and I see no reason why clerk D. B. Miller should not be paid by them the costs taxed in his favor.

In the absence of some *rule of court* on the subject, I do not know of any authority for allowing bills for printing papers in a case to be taxed as disbursements. See *Code*, § 326. There is no rule of court which authorizes any printing of papers for the Circuit Court to be taxed as costs or disbursements, and I feel constrained to reject all these bills.

If the notices in the bill for $33.45 were to call in creditors of the city, they were relevant to the new issues, and not to the original ones. If it was a mode of calling on witnesses to testify in the case, it is not the mode known to the law and practice of the courts.

In the absence of some statute, neither the master nor referee has a right to employ a clerk or stenographer to aid him in his duties, and I do not know of any authority in the court to appoint one.

For these reasons I must sustain the exceptions as to the printing reports, $865.00; printing briefs, $33.75; printing notices,

2

$33.45; and stenographer, $279.00; and the rest of the taxation is approved and confirmed, and it is so ordered and adjudged.

*Messrs. Clark & Muller*, for plaintiff.

*Messrs. Bachman & Youmans*, for defendants.

June 23, 1887. The opinion of the court was delivered by

Mr. Justice McIver. This is the second appeal in this case upon the same matter of costs, and for a full statement of the facts, which it is unnecessary to repeat here, reference must be had to the case as reported in 23 *S. C.*, 120.

In pursuance of the decree then rendered, Judge Kershaw, in a carefully drawn order, directed the clerk to adjust the costs and disbursements in accordance with the directions of this court, and the case came before Judge Fraser upon exceptions to the adjustment made by the clerk. He held that the reports of the referees and master would have been necessary for the determination of the original issues, even if no new issues had been raised by the amendments to the complaint, and that though a good deal of the work done by these officers was applicable to the new as well as the original issues, this could not relieve the defendants from liability, as he had not been furnished with sufficient information to enable him to separate that part of such work as was applicable alone to the new issues, from that necessary for the determination of the original issue. He therefore held the defendants liable for the costs of the referees and master. He also held that there was no legal authority for allowing the expense of printing papers for a hearing in the Circuit Court as disbursements, and he therefore rejected these items. For the same reason he rejected the item charged for the services of a stenographer and the item for printing notices to call in creditors, and approved and confirmed the taxation as made by the clerk in all other respects.

From this order both parties appeal. The plaintiff, upon the ground of error in disallowing the charges for printing the reports and briefs, printing the notice to creditors, and for the services of the stenographer. The defendants appeal: 1. Upon the

ground of error in holding that the reports of the referees and the master were necessary for the determination of the original issue.    2. In holding that the defendants were liable for any of the costs incurred on the new issues.    3. In holding that the defendants were liable for any costs incurred after the order of injunction.    4. In allowing docket fees.    5. In approving and confirming "the rest of the taxation."

First, as to the plaintiff's grounds of appeal.    The right to costs depends wholly upon statute, and in the absence of some statutory provision we do not see how they can be claimed.    Even the court has no power by its order to add anything to the allowances prescribed by statute, and hence when a claim to any item, either of costs or disbursements, is asserted, the claimant must be able to point to the statute allowing such item.    It is quite clear that there is no statute allowing the expense of printing reports or other papers for a hearing in the Circuit Court as a disbursement in the cause.    The nearest approach to such a provision is that contained in section 326 of the Code, where "the expense of printing the papers for any hearing, when required by a rule of the court," is placed among the necessary disbursements; but it will be observed that the expense of printing is only allowed *"when required by a rule of the court,"* and we are not aware of any rule, in the proper sense of that term, requiring the printing of any paper for a hearing in the Circuit Court.    There is such a rule in regard to certain papers in the Supreme Court, and it is manifest that the statutory provision above referred to applies only to the printing of papers for a hearing in the Supreme Court, because there alone is there any rule *requiring* the printing of any paper.

The position taken by the counsel for plaintiff, that the order of Judge Cooke, directing the printing of the report of referee Lowe, operates as a rule of court in this case, and brings the claim within the provision of the code above referred to, cannot, in our judgment, be sustained.    To say nothing of the fact that this order only requires the printing of Lowe's report, and would not therefore embrace the reports of LeConte or the master, which of itself would deprive this order of one of the essential characteristics of a *rule,* which is supposed and intended to oper-

ate *generally*, and not to be confined to a particular instance, we do not think the language of the section can be properly construed so as to include any order that may be made in the progress of the cause. It will be observed that the language of the section is *not* when required by a rule *or order* of the court, as would have been natural and appropriate if the intention had been that the section should be construed as contended for, but the language is, "when required by a rule of the court," by which we understand a pre-existing rule of general operation, and not a mere order *pro hac vice.* .

Nor do we think that the position taken that this is an interlocutory order unappealed from, and therefore binding upon the parties, can be sustained. In the first place, the order seems to have been *ex parte*, and whether it was ever brought to the notice of the parties to be affected by it, or if so when, does not appear. But waiving this, we do not see why the present appeal cannot be regarded as an appeal from that order, for this may be regarded as an appeal from a final judgment, in which all interlocutory orders not previously appealed from may be reviewed; for to give the order the effect contended for would make it an "intermediate order or decree necessarily affecting the judgment," which may be reviewed on appeal from the final judgment. *Code*, section 11, subdivision 1. Here the attempt is made to enter in the final judgment a charge as a disbursement, upon the authority of an intermediate order in the cause, the legality of which is questioned and successfully challenged; for we think it clear that no court or judge has any authority to add any item to the costs or disbursements in a case for which there is no statutory authority.

The same remarks will apply to the charges for printing briefs[1] (which seems to be abandoned), and for compensation to the stenographer. There is no statutory authority for either of these charges, and they were properly disallowed.

As to the item for "printing notices," we agree with the Circuit Judge that they were relevant alone to the new issues, and therefore not properly chargeable against these defendants under the principles laid down in the former opinion.

[1] *I. e.*, on Circuit.—REPORTER.

Next as to the defendants' exceptions. In the absence of the reports of the referees and the master, which are not now, and never have been, before us in this case, we cannot undertake to say that the Circuit Judge erred in holding that they were necessary to the determination of the original issue raised by these defendants. On the contrary, we are bound to assume that he was correct in so holding, inasmuch as no error is pointed out.

The second exception is taken under a misconception of the Circuit decree. We do not understand that Judge Fraser held that these defendants were liable for any of the costs incurred in determining the new issues raised by the amendments to the complaint. What he said was, that "a good deal of the work done by the referees and the master is certainly applicable to the new as well as to the original issues," and then added : "If there is any part of the work done on these reports applicable only to the new issues, I am unable to separate it from the other in any satisfactory way without much more information as to surrounding circumstances than has been furnished to me in this case ;" and we do not see what else he could have said.

The third exception has already been disposed of by the former opinion in this case, which in terms declared that these appellants were liable for the costs incurred in determining the issue originally raised, "whether such costs and disbursements were incurred *before or after* the granting the order of injunction of the 7th of September, 1875." It is a mistake to suppose that the original object of the action was affected by the order of injunction, and hence that the case should be regarded as having then terminated, so far as these defendants, appellants, are concerned. The complaint alleged that these defendants had increased, and were continuing to increase, the city debt beyond the amount allowed by law, and this allegation was denied by the answer, though the defendants did say in their answer that the city debt, at the time of the passage of the act fixing a limit to the amount of such debt, far exceeded the amount therein fixed. The issue thus raised, as to whether *these defendants* had increased, and were continuing to increase, the city debt beyond the prescribed limit, was not determined by the order of injunction, which was merely temporary, and in terms declared to be

"until the further order of the court," and, as held in the former opinion, these defendants are justly liable for all costs incurred in the determination of such issue, whether the same were incurred before or after the order of temporary injunction was granted.

We see no ground upon which the 4th exception can be sustained, and none has been suggested in argument. The 5th ground is too general to require any further notice at our hands.

The judgment of this court is, that the order or decree appealed from be affirmed.