## LANCASTER v. BARNWELL COUNTY.

1. Costs being purely statutory, cannot be allowed without express statutory authority, and being in the nature of penalties, statutes granting them must be strictly construed.

2. IBID.—SHERIFF ACTING AS CONSTABLE.—A sheriff being allowed for executing papers issued by a trial justice the same fees as are allowed constables, and the constables of the State being allowed "for serving warrant for witnesses in any criminal case upon all the persons included in said warrant, one dollar," the sheriff of Barnwell County is entitled to receive only one dollar for executing a warrant issued by a trial justice for several witnesses for the Court of Sessions.

3. IBID.—IBID.—A statute that allows certain costs to a sheriff for executing papers issued by a trial justice, is not affected as to the costs of the sheriff of Barnwell County by a statute which gives to constables of that county a salary in lieu of all costs in criminal cases, but retains the charge of costs for the benefit of the county, and also provides that for papers issued by a trial justice in cases cognizable in the Court of Sessions, and served by the sheriff, the sheriff "shall be entitled to receive therefor the fees which are now, or hereafter may be, allowed by law for such services."

4. IBID.—SHERIFF'S ENTRIES.—A sheriff is not entitled to costs for entry in his writ book of a warrant for witnesses issued by a trial justice, there being no statutory requirement for such entry.

Before FRASER, J., Barnwell, March, 1893.

Appeal by the County of Barnwell in the matter of the claim of J. W. Lancaster, sheriff, for costs.

*Messrs. Bellinger & Thompson,* for appellant.

*Messrs. Patterson & Holman,* contra.

February 24, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.  In this case the plaintiff, as sheriff of Barnwell County, presented his account to the county commissioners, containing charges of one dollar for the arrest of each person named in a witness warrant issued by a trial justice in a case within the jurisdiction of the Court of General Sessions.  The account also contained a charge of twenty-five cents for each entry of a warrant issued by the trial justice in cases cognizable by the Court of Sessions.  The board of county commissioners disallowed all charges of the character above specified, and the plaintiff appealed from the judgment of the board of county commissioners to the Circuit Court, where the judgment appealed from was reversed; that court holding that the county commissioners erred in both respects, and that the sheriff was entitled to twenty-five cents for entry of each witness warrant, and one dollar for serving or arresting each person named in such warrant.  From this judgment defendant appeals upon the several grounds set out in the record, which need not be repeated here, as the appeal raises but two questions, viz: 1st. Whether the Circuit Court erred in holding that the sheriff was entitled to one dollar for serving or arresting each person named in a witness warrant issued by a trial justice in cases cognizable by the Court of Sessions.  2d. Whether there was error in holding that the sheriff is entitled to twenty-five cents for entering each witness warrant issued by a trial justice, and directed to him, in a case cognizable by the Court of Sessions.

Costs being purely of statutory origin and creation, it cannot be denied that whenever an officer claims that he is entitled to a given item of costs, he must point out the statutory provision which confers the right to charge the item in question.  Another rule, as was held in *Thomson* v. *Farr*, 1 Rich., 4, is that "Costs are in the nature of penalties, and the statutes granting them have always been strictly construed." Looking at this appeal in the light of these principles, it seems to us that the Circuit Court was in error in adjudging both of the questions presented by the appeal.  Section 2437 of the General Statutes, as amended by the act of 1882, 18 Stat., 164, prescribes what costs the sheriff shall be entitled

to, and concludes in these words: "For the service or execution of papers issued by a trial justice, the sheriff or his deputy serving or executing the same shall be allowed the same fees as are allowed to constables." And in the next section (§ 2438), as amended by the same act of 1882, the fees allowed to constables are prescribed, and it is expressly provided that, while a constable is allowed to charge one dollar for serving a warrant, "*except in case of witnesses*," in any criminal case "*upon each person* included in said warrant," yet in serving a warrant for witnesses, he is only entitled to charge one dollar, besides mileage, for serving the warrant "*upon all the persons included in said warrant;*" the language of the statute being: "For serving warrant for witnesses in any criminal case upon all the persons included in said warrant, besides five cents a mile, for each mile necessarily traveled, one dollar." It is obvious, therefore, that as long as the law stood thus, there was no authority for the sheriff to charge any costs for serving or executing any paper issued by a trial justice, except such as are allowed to constables; and, as we have seen, constables were only allowed to charge one dollar for serving all the persons included in a witness warrant, and under the express terms of the statute, the sheriff could not charge anything more.

But it is contended that the effect of the act of 1889, 20 Stat., 462, was to change the law in this respect. The title of that act is, "An act to provide for payment of salaries, in lieu of costs and fees in criminal cases, to the trial justices and constables of Barnwell County," and it is limited, by its express terms, to that county, and effects no change in the general law operating in the other parts of the State. It certainly does not, in express terms, make any change in the law, as it then stood, regulating the costs of sheriffs. Nor do we think that there is anything in the act which implies—certainly not necessarily implies—an intention to make such a change. The only part of the act in which the costs of a sheriff are alluded to, is found in the first proviso to section 2 of the act, which reads as follows: "That in all criminal prosecutions cognizable by the Court of General Sessions, the sheriff of said county be, and hereby is, authorized to serve and execute pro-

cess issued by said trial justices and directed to him, and shall be entitled to receive therefor the fees which are now, or hereafter may be, allowed by law for such services." This language, so far from implying any intention to change the then existing law as to the costs allowed the sheriff, on the contrary, expressly recognizes the then existing law as to the fees which shall be allowed to sheriffs for performing the services mentioned; and, as we have seen, that law did not authorize the charge here in question, but, on the contrary, only allowed the sheriff to charge for serving and executing papers issued by a trial justice the same fees as are allowed to constables.

If it should be said, that since the act of 1889 there are now no fees allowed constables in Barnwell County, and in lieu thereof they are entitled to a salary, still, that does not abolish the fees of constables in that county, for, by the express terms of section 4 of the act, those fees are still retained and required to be collected, and paid into the county treasury instead of to the constables. But even if constables' fees in Barnwell County had been abolished outright, it would not by any means follow that this would effect any change in the law regulating the amount of costs which a sheriff of Barnwell County would be entitled to charge for serving and executing papers issued by a trial justice. That is regulated by the fees prescribed for constables under the general law of the State, and cannot be affected by any special provision made for the particular County of Barnwell; for it will be observed that section 2437, regulating the fees of sheriffs, does not provide that the sheriff should be entitled to charge, for serving and executing papers issued by a trial justice, the same fees as are allowed to constables *in Barnwell County;* but the provision is general—"the same fees as are allowed to constables"—which, of course, means, allowed to constables under the general law of the State, and cannot be limited, at least by mere implication, to the fees allowed constables in any particular county. If it could be, then the result would be, that if no fees were allowed to constables in Barnwell County, the sheriff of Barnwell would be entitled to no fees for serving papers issued by a trial justice, for in that view there would be no law prescrib-

ing the amount of fees which the sheriff of Barnwell would be entitled to charge for such service. Such a result cannot be readily accepted.

As to the second question presented by the appeal, we are compelled to say that we have been unable to find any statutory provision authorizing the sheriff to charge twenty-five cents for entering in his writ book a witness warrant issued by a trial justice. Section 656 of the General Statutes prescribes what papers the sheriff is required to enter in his writ book, and a witness warrant issued by a trial justice is not one of the papers there mentioned; and, on the contrary, the papers there designated are expressly stated to be papers "issuing from either of the Circuit or Probate Courts." We do not see how this provision can be so construed as to embrace a paper issued by a trial justice; and, on the contrary, it seems plain to us that, under the express terms of the section, this provision is limited to papers issuing out of the courts specially named, and cannot be extended so as to embrace a paper issued out of another and inferior tribunal which is not named in the section. When, therefore, by section 2437 it is provided that a sheriff should be entitled to charge, "For entering every writ, summons, process, execution, or other paper in writ or execution book, and making endorsement thereon, twenty-five cents," this language must be construed as embracing only such papers as the sheriff was required by law to enter in such books, and cannot properly be extended to embrace any other paper which the sheriff may choose voluntarily to enter upon said books.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the judgment of the county commissioners be affirmed.