## KERSHAW COUNTY v. RICHLAND COUNTY.

COUNTIES.—COSTS can only be paid as allowed by statute, and there being in this State no statute providing for the payment by a county in which a crime is committed of the costs and expenses of the trial therefor in another county to which venue has been changed, the latter cannot collect of the former sums so paid by it.

Before TOWNSEND, J., Richland, November, 1900. Reversed.

Claim by Kershaw County against Richland County for costs and expenses of trial of W. R. Crawford, charged with murder. Venue changed to Kershaw County from Richland County. From decree of Circuit Court reversing order of county board of commissioners of Richland County, disallowing the claim, Richland County appeals.

*Messrs. Melton & Belser,* for appellant, cite: *Costs and fees are purely statutory:* 8 Ency., 955; 56 S. C., 506, 411; 54 S. C., 538. *And such statutes are strictly construed:* 10 S. C., 43; 40 S. C., 445. *No statute in this State providing for payment by Richland County of this claim:* Art. VI., sec. 2; 22 Stat., 12; 14 Stat., 84, 339. *In absence of such stat-*

*ute, Richland County is not liable for the costs of trial in Kershaw County:* 7 Ency., 955, 956; 81 Mo., 72; 6 Ala., 72; 10 Neb., 304. *Each county in which a case is tried is liable for the fees of (1) jurors and constables:* Rev. Stat., 676, 691, 677; 52 S. C., 91. (2) *Porters and ticket boy:* Rev. Stat., 645. (3) *Meals furnished jurors and constables:* Rev. Stat., 2414. *Provision in lynching cases:* Con., art. VI., sec. 6, 22, 213. *There is no liability on the ground of implied contract:* 14 S. C., 403.

*Messrs. C. L. Winkler* and *Jno. P. Thomas, Jr.,* contra, cite: *Only points that can be considered here are those made in the grounds of appeal:* 27 S. C., 12. *Finding of facts by Circuit Judge on appeal from county commissioners cannot be reviewed here:* 40 S. C., 281. *Are the expenditures made by Kershaw County and its sheriff in the trial of this case charges against Richland Co.?* 52 S. C., 590; Rev. Stat., 645; 21 Stat., 481; Con., art. VII., sec. 9; art. V., sec. 18; art. VI., sec. 2; 22 Stat., 12; 4 Kan., 314; 4 Ark., 473.

July 12, 1901. The opinon of the Court was delivered by

Mr. Justice Pope. The statement in the "Case for Appeal" is as follows: "On the 3d day of April, 1899, a bill of indictment was found by the grand jury for Richland County, S. C., charging W. R. Crawford with the murder of one Mrs. Stewart, alleged to have been committed in the said county of Richland. Subsequently, on motion of the defendant, Crawford, an order was obtained changing the venue from Richland County to Kershaw County, and the case so removed was tried thereafter at the June term of the Court of General Sessions for said Kershaw County. On the 9th day of June, 1899, the following itemized statement, duly verified, of the fees, costs and expenses of the trial—all of which accrued subsequently to the order changing the venue as aforesaid—was presented to the county board of commissioners of Richland County for approval: 12 jurors,

3 days, $54.00; 5 constables, 3 days, $22.50; 2 constables, 2 nights, $6.00; 1 porter, 3 days, $4.50; 1 porter, 2 nights, $3.00; 1 ticket boy, 1 day, $1.50—$91.50; 72 meals for jury and constables, at 25c. each, $18.00; total, $109.70." Which account was duly certified by Joel Hough, Esq., as clerk of court for Kershaw County. And the following language is used in the "Case for Appeal:" "The county board of commissioners for Richland County disallowed the whole of said claim on the ground that the same did not constitute a legal claim against said Richland County, but made no objection to the proof of said claim." Thereupon Kershaw County appealed from said disallowance by the said county board of commissioners for Richland County to the Circuit Court for Richland County, which appeal came on to be heard before his Honor, Judge Townsend, who reversed the order of disallowance by the county board of commissioners for Richland County; whereupon the said board appealed to this Court from Judge Townsend's judgment on the following grounds:

"1. Because his Honor erred in finding as matter of fact that the correctness of the items making up the claim of Kershaw County herein was conceded upon the hearing of this cause.

"2. Because his Honor erred in finding as matter of law that the claim of Kershaw County herein constitutes a legal and valid claim against Richland County, and that the county board of commissioners for Richland County erred in declining to allow and pay the same; whereas, it appearing that all of the items of said claim accrued after the order changing the venue from Richland County to Kershaw County and during the trial of the cause so transferred, in said Kershaw County, his Honor should have held that the same do not constitute a legal and valid claim against said Richland County, and so holding should have dismissed the appeal.

"3. Because his Honor erred in ordering and decreeing that the county board of commissioners for Richland County

do audit the whole of said claim and order the same to be paid as a valid and legal claim against Richland County; whereas, it appearing that Kershaw County had not paid the items representing fees of witnesses, aggregating $688.40, and clerk's costs, aggregating $8.65, and had made no claim therefor, and that no appeal had been taken from the action of the county board of commissioners for Richland County in declining to allow and pay said items, the same were not involved at the hearing, and his Honor was without jurisdiction to render judgment with reference thereto."

It was agreed by counsel that the decree of the Circuit Judge should be altered by striking out the figures $796.55 therefrom and by inserting the figures $109.70 in lieu thereof.

We will now consider the first ground of appeal. It is true, as stated by the appellant, that the correctness of the items making up the claim of $109.70 was not presented as an issue to be passed upon by the Circuit Judge—hence this ground of appeal is sustained.

The question raised by the second ground of appeal is for the first time presented to this Court for determination. In the case of *Colleton County against Hampton County,* 52 S. C., 589, no such question was presented, considered or determined—indeed, it was reserved—hence it is no authority in this contention. This is a case of costs, fees and expenses arising from the trial of a cause in the Circuit Court. It is admitted that the common law allowed no such claims to be made. It is purely a question, therefore, under the statutes of this State—8 Ency. Pl. & Practice, 955; *Whittle* v. *Saluda County,* 56 S. C., 506; *Green* v. *Anderson County,* 56 S. C., 411; *Hightower* v. *Bamberg County,* 54 S. C., 538. Costs are regarded in this State in the nature of penalties. *State ex. rel. Bull* v. *County Treasurer,* 10 S. C., 43; *Lancaster* v. *Bamberg County,* 40 S. C., 445; *Thomson* v. *Farr,* 1 Rich., 4. Is there any statute in this State *directing,* in so many words, that the county from which a case is removed for trial to a different county, shall pay to such latter county

the costs or fees or expenses which accrue from the trial of
such removed case? We have been unable to find any such
statute, and the industry of counsel on each side to this con-
troversy has not brought such a statute to our attention.
Two reasons are suggested by the respondents why Rich-
land County should pay these costs, fees and expenses to
Kershaw County: *first,* because, strictly speaking, it is no
longer a question of costs, fees and expenses, for *as such*
they were presented to and paid by the county of Kershaw,
but it is a question of liability for a burden borne by Ker-
shaw County for, and instead of, Richland County. Refer-
ence is made in respondent's argument to the power con-
fided in the county board of commissioners, both by the
Constitution of 1895 and the statutes of the State providing
for a county government, to pay claims against the respec-
tive counties of the State. As wide as the latitude accorded
under these instruments to the exercise of power in the
county governments in the payment of claims may be, still
the statute law has so wisely limited such county govern-
ments in the exercise of such power that only *legal claims*
can be paid by them. There can be no claim based upon any
supposed equity. Equity follows the law. There has never
been cited a claim as to costs, fees and expenses which has
been paid as resulting from equity. 7 A. & E. Ency. of
Law, page 955 (2d ed.), is as follows: "Costs are not given
in criminal cases by the common law, and county commis-
sioners have no authority to pay them except in specific cir-
cumstances prescribed by statute." And on page 956 the
same work contains these words: "Statutes exist in many
States providing that the costs accruing from a change of
venue in a criminal case shall be paid by the county in which
the indictment was found. *And it seems to be settled* that
the county in which a crime was committed can be held lia-
ble to the county to which the cause was removed for trial
*only by virtue of some statute"* (italics ours). The Circuit
Judge was in error.

The third ground of appeal was passed upon in our pre-

liminary remarks.   The Circuit Judge was in error here also, but it has been corrected by consent.

Lastly, we observe that we have not paid any attention to the items comprising the costs, fees and expenses herein involved, because we have·already determined that no costs, fees or expenses could be recovered by the plaintiff in this cause from Richland County.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the action be recommitted to the Circuit Court with instructions to formulate a judgment dismissing the plaintiff's appeal from the judgment of the county board of commissioners for Richland County.