8969

### THE STATE CO. v. JONES, COMPTROLLER GENERAL.

(82 S. E. 1048.)

STATUTES. INTERPRETATION.

1. The intention of the legislature must be gathered from the literal interpretation of the language of the statute where it is plain and unambiguous.

2. The words "passed by the General Assembly," referring to claims, used in a statute, have a plain and unmistakable meaning, and the Courts cannot add to or take away therefrom.

3. Act February 21, 1913 (28 St. at Large, p. 199), providing for payment of claims against the State, declares that the board of claims shall pass upon all claims presented; that it shall make its report to the ways and means committee of the House of Representatives; and that upon receipt of that report the committee may make provisions in the appropriation bill for the payment of all approved claims. The appropriation bill for that period carried an appropriation for claims passed by the General- Assembly. Petitioner's claim, after being approved by the board, was reported to the committee, whose report approving the claim was adopted by the House, but the report was not presented to or adopted by the Senate. *Held* that, as the intention of the legislature must be gathered from a literal interpretation of the language of the statute where it is plain and unambiguous, the appropriation did not authorize payment of petitioner's claim; it not having been passed by the General Assembly.

Before PRINCE, J., Columbia, April, 1914. Affirmed.

Petition by the State Company for writ of mandamus against A. W. Jones, Comptroller General, to compel him to issue a warrant on the State treasury for the payment of certain claims. From an order dismissing the petition, the petitioner appeals. The facts are stated in the opinion.

*Messrs. Lyles & Lyles,* for appellant, submit: *When the claims were passed by the board of claims, reported to the Ways and Means Committee of the House, and approved by it, and its report adopted by the House, they were passed by the General Assembly within the meaning of the appropriation bill, item 1, sec. 39, acts of 1914,* and cite: 87 S. C. 270: *The use of inapt terms will not defeat the real*

*meaning of the appropriation act:* Black Interpretation of Laws, sec. 73; 1 Civil Code 1912, sec. 32.

*Mr. J. Fraser Lyon,* for respondent, cites: Const., art. X, secs. 3 and 9.

October 10, 1914.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

In 1913, the legislature passed "An act to create a board of claims and to provide the manner of payment of claims against the State." 23 Stat. 199. Among other, things, the act prescribes that the board shall pass upon all claims presented to it, and make its report to the Ways and Means Committee of the House of Representatives, and that, upon receipt of the report, the committee may make provisions in the appropriation bill for 'the payment of all approved claims.

In accordance with the provisions of the act, the petitioner presented certain claims to the board, which were approved and reported to the committee at the last session of the legislature. The committee in turn approved them and reported them, with numerous others, to the House of Representatives, which adopted the report of the committee. But the report was never presented to, or adopted by, the Senate. The only provision in the appropriation bill out of which the petitioner contends these claims can be paid is item 1 of section 39, which reads: "Claims passed by the General Assembly, if so much be necessary, $12,000.00."

Contending that these claims had not been passed by the General Assembly, and that he could not, therefore, lawfully issue warrants for payment of them out of the appropriation above mentioned, the Comptroller General refused to issue such warrants, and the petitioner brought this action for a writ of mandamus to compel him to do so. The Circuit Court sustained a demurrer to the petition for insuffi-

ciency, on the ground that it is not therein alleged that the claims were passed by the General Assembly.

The petitioner contends that the appropriation mentioned was evidently intended for the payment of these and the other claims approved in like manner, and, notwithstanding the use of the words, "passed by the General Assembly," effect should be given to the legislative intention; that the words, "passed by the General Assembly," were inadvertently used in conformity to the methods of procedure which had prevailed prior to the act of 1913, when such claims were passed by the General Assembly.

One of the most elementary rules for the interpretation of statutes is that the intention of the legislature must be gathered from a literal interpretation of the language of the statute where it is plain and unambiguous. Such is the language here used. The words, "passed by the General Assembly," have a plain and unmistakable meaning. They cannot be interpreted to mean "approved by the board of claims," or "approved by the Ways and Means Committee," or "approved by the House of Representatives," without doing violence to their ordinary meaning, and the cardinal rules of construction. When the meaning of words is so plain and obvious, the Courts cannot speculate on the intention. To do so, would be an assumption of legislative power. In *Bray* v. *City Council,* 62 S. C. 57, 39 S. E. 810, the Court declined to hold that the numeral "IV" was inadvertently used instead of the numeral "X" in a joint resolution which proposed an amendment to the Constitution, and declined to construe the Constitution according to that view, though the use of the numeral "IV" was far more clearly an inadvertent error for the numeral "X" than the alleged error in this case. The Court said: "While it is manifest that the joint resolution of 1900 did not intend to refer to the last mentioned section (sec. 5, art. IV), nevertheless, it is beyond the power of the Court to declare that the intention was to insert sec. 5 of art. X, instead

of said section. In *State ex rel. Atty. Gen.* v. *Hagood,* 13 S. C. 46, it is said: 'It cannot be claimed that the Court can restate the language of an act to make it agree with some possible conclusion as to its intention, as affecting the subject matter of the act. The language declaring the intent of an act is as much beyond our power as the subject to which that declaration relates, and it would violate the principles of law to change the phraseology of a statute to make it conform to the assumed purpose of the lawgiver in any other way than as warranted by the rules of construction.' Mr. Cooley, in his Constitutional Limitations, page 71, says: 'That which the words declare is the meaning of the instrument, and neither Courts nor legislatures have a right to add to or take away from the meaning.' "

The order of the Circuit Court is affirmed.