## 10293

### BANKS v. COLUMBIA RY., GAS & ELECTRIC CO.

#### (101 S. E. 285.)

1. Costs—"Necessary Expenses" of Public Service Commissioners.—
Civ. Code 1912, sec. 924, providing that members of Public Service
Commission "shall each receive the sum of ten dollars a day while
actually employed and necessary expenses" to be paid by party
against whom complaint is made if rates are found to be unjust or
excessive, did not require gas company, whose rates were found to
be excessive, to pay necessary expenses of investigation; the words
"necessary expenses" referring to the personal expenses of the com-
missioners.

2. Statutes—Construction.—The purpose of construction is to ascer-
tain the legislative intent from the words used; and, if these are
susceptible to any sensible meaning, the Court cannot add to them
other words which would give them a different meaning without
making, instead of construing, the statute.

3. Costs—To Be Taxed Against Party Only.—Costs and expenses of
actions and proceedings are allowed to be taxed against the losing
party only by statute.

4 Costs—Construction of Statutes.—Statutes allowing costs and
expenses of actions and proceedings are strictly construed.

Before Moore, J., Richland, Fall term, 1919.   Reversed.

Controversy without action by William Banks and others
against the Columbia Railway, Gas & Electric Company.
Judgment for plaintiffs, and defendant appeals.

*Mr. J. B. S. Lyles,* for appellant, submits: *The intention
of the legislature can be gathered only from a literal inter-
pretation of the language used in the statute, which is plain
and unambiguous:* 99 S. C. 218; 82 S. E. 1048; 62 S. C. 57;
39 S. C. 810; 13 S. C. 46.   *The statute contains a highly
penal clause and must be strictly construed:* Criminal Code,
sec. 276; 73 S. C. 36.

November 28, 1919.

The opinion of the Court was delivered by Mr. Justice
Hydrick.

This is a controversy without action to obtain the decision of the Court as to defendant's liability to pay the expenses of an investigation made by the Public Service Commission, in July, 1919, of the rates charged by defendant for gas. The rates were found to be unreasonably high, and defendant was required to reduce them.

The commission then demanded of defendant payment of the expenses of the investigation. The account presented included the per diem and personal expenses of the commissioners during the investigation, which amounted to $834.07, which defendant paid, admitting liability only to that extent; but defendant denied liability for the balance of the account, which amounted to about $2,200, and was made up of the following items of expense, which the Circuit Court held that defendant was liable for: Pay of stenographer and clerks employed by the commission, stamps, telephone, and telegraph bills, serving subpœnas on witnesses, services of a firm of expert accountants of New York employed by the commission to audit defendant's books, the expenses of said accountants in doing their work, and the per diem and expenses of one of them in coming here to testify before the commission.

The liability of defendant to pay the expenses of the investigation depends upon the proper construction of section 924, vol. I, Civil Code 1912, which reads:

"The members of the said Public Service Commission shall give a bond of one thousand dollars for the faithful performance of their duty, and shall each receive the sum of ten dollars a day while actually employed and necessary expenses, the same to be paid by the firm, person or corporation against whom the complaint is made if the rates charged are found to be unjust or excessive, but if otherwise then such expense shall be paid by the city authorities wherein the complaint is made."

Giving to the language used its natural and ordinary meaning, it provides only for the payment of the per diem of the members of the commission and the necessary

expenses of each.   This is manifest from the use of the word "each" in the sentence "shall each receive the sum of ten dollars a day while actually employed and necessary expenses."

Respondents contended that the words "and necessary expenses" refer to the necessary expenses of the investigation, and the Circuit Court adopted that construction, and construed the section as if the words "of such investigation" had been inserted after the word "expenses." That construction is unwarranted.   The purpose of construction is to ascertain the legislative intent from the words used; and, if these are susceptible to any sensible meaning, the Court cannot add to them other words which would give them a different meaning without making, instead of construing, the statute.   *State Co. v. Jones,* 99 S. C. 218, 82 S. E. 1048.

If the construction adopted is right, the language would then mean that each member of the commission shall receive $10 a day and the necessary expenses of the investigation. Now, clearly, it was not the intention of the legislature that each member of the commission should receive his per diem and also the expenses of the investigation.   It is equally clear that it was intended that each should receive the per diem allowed and his own necessary expenses.   But, if the words "necessary expenses" are construed to refer to expenses of the investigation, the commissioners would not be entitled to receive anything more than their per diem, because the words cannot be interpreted to refer to the expenses of the commissioners and at the same time to the expenses of the investigation.

There is another reason why the construction adopted cannot be sustained.   Costs and expenses of actions and proceedings are allowed to be taxed against the losing party only by statute, and they have always been regarded in this State as in the nature of penalties; hence statutes allowing them are strictly construed, and the party who claims the right to tax them against another must

102    Banks v. Cola. Ry., Gas & Electric Co.

Dissenting Opinion.                    [112 S. C.

be able to point to some statute which allows him to do so. *Fare v. Thomson,* 1 Rich. Law 4; *Scott v. Alexander,* 27 S. C. 15, 2 S. E. 706; *Lancaster v. Barnwell,* 40 S. C. 445, 19 S. E. 74; *Campbell v. Sanders,* 42 S. C. 522, 20 S. E. 415; *Kershaw County v. Richland County,* 61 S. C. 75, 39 S. E. 263.

If we give the statute a strict construction, as we are bound to do, under the authorities above cited, the words "and necessary expenses" must be restricted to mean the expenses of each of the commissioners; and there is no provision of the statute by which the payment of any other expenses can be imposed upon the defendant. If the legislature intended to provide for the payment of any other expenses, all that we can say is that it has not expressed any such intention, and the Court has no power to add to the intention which it has expressed by interpolating words into the statute, especially as it is susceptible of a very reasonable construction as it now reads.

Judgment reversed.

Messrs. Justices Watts and Gage concur.

Mr. Chief Justice Gary did not sit.

Mr. Justice Fraser. I dissent. The statute requires the appellant to pay "necessary expenses." Judge Moore finds that certain expenses are within the statute, *i. e.,* are necessary expenses. If these expenses are "necessary expenses," then the statute rquires them to be paid by the appellant.

I see no authority in the statute to restrict the expenses to the personal expenses of the members of the commission. To do so, in my judgment, is to amend the statute to read the "necessary personal expenses" of the members of the commission.