14735

HOLLIDAY v. McFADDEN, CLERK OF COURT, *ET AL.*

(198 S. E., 392)

*Messrs. Samuel Want* and *J. M. Lynch,* for appellant,

*Messrs. Lee & Shuler,* for respondent,

August 4, 1938.

The opinion of the Court was delivered by MR. G. B. GREENE, ACTING ASSOCIATE JUSTICE.

The original cause out of which the present controversy arose was an ordinary suit for the partition of real property. Pursuant to an order of sale granted therein, Hon.

M. S. McFadden, as Clerk of Court for Williamsburg County, one of the respondents herein, offered said property for sale at public auction on salesday in December, 1937. On that date M. A. Shuler, Esq., as attorney, was the highest bidder for said property, but pursuant to the statute law of this State the bidding remained open for a period of thirty days. Between eleven and twelve o'clock on the morning of January 5, 1938, the last day of the thirty-day period, appellant and M. A. Shuler, the other respondent herein, appeared at the office of the Clerk of Court, the selling officer, and engaged in some very lively competitive bidding until the selling officer announced that twelve o'clock noon had arrived; that no more bids would be received; and that M. A. Shuler's bid of $2,900.00 was the last and highest bid for said property.

On the 7th day of January, 1938, appellant filed his verified petition against the selling officer and M. A. Shuler alleging in substance that he was the last and highest bidder for said property and entitled to have a conveyance thereof made to him. Upon the filing of the petition appellant obtained from Hon. Philip H. Stoll, Circuit Judge, an order requiring respondents to show cause before him on January 15, 1938, why an order should not be made directing the selling officer to convey the property to appellant. In the meantime respondents were restrained from proceeding further with the sale. In due time respondents filed their return in which they denied that appellant was entitled to a conveyance of said property and alleged that M. A. Shuler was entitled to a conveyance thereof. The return was supported by a number of affidavits.

After a full hearing of the entire matter, Judge Stoll on January 15, 1938, signed an order dismissing appellant's petition and adjudging that the respondent, M. A. Shuler, was the successful bidder for the property. This appeal is from that order.

The only questions presented by the exceptions, as stated in appellant's brief, are:

1. Does the foreclosure statute require that bids during thirty-day period be in writing?

2. Is selling officer required to accept all bids while bidding is continuous?

There is no evidence of fraud, collusion or inadequacy of consideration in the case and none is charged. The evidence shows conclusively that the selling officer gave due notice and warning to all bidders that the bidding would be closed promptly at twelve o'clock noon; that he placed his watch upon his desk and advised the bidders from time to time of the approach of the noon hour; that at twelve o'clock noon a bid of $2,900.00 made by M. A. Shuler was the last and highest bid for the property, and that an announcement to that effect was made by the selling officer as above stated. The evidence also shows conclusively that for several minutes prior to that announcement by the selling officer the competitive bids made by appellant and M. A. Shuler had followed each other in rapid seccession, about fifty bids having been made and received in the last thirty minutes; and that immediately after said announcement appellant attempted to place a bid of $3,000-.00, which was rejected by the selling officer as coming too late.

There being little, if any, dispute as to the facts of the case our decision of the questions presented depends entirely upon the construction to be placed upon the governing statute in such cases.

In 1932 the Legislature passed Act No. 877, which, among other things, provided:

"From and after the approval of this Act, in all judicial sales of real estate the bidding shall not be closed upon the date of sale but shall remain open for a period of thirty days from the date of such sale, within which period of time any other person, besides the highest bidder at the sale or any representative thereof, may enter a higher bid upon complying with the terms of sale by making any necessary deposit as a guarantee of his good faith,

and thereafter within such period any other person may in like manner raise the last highest bid, and the successful purchaser shall be deemed to be he who submitted the highest offer within said period of thirty days and made the necessary deposit or guaranty." Section 1.

As thus enacted, the statute fixed no time on the thirtieth day after the sale at which the bidding must be closed, and on this account confusion and diversity of practice in the different counties resulted, each selling officer putting his own construction on the statute in fixing the time for closing the bidding.

To meet this situation the Legislature in 1933 passed Act No. 366, which is entitled:

"An Act to Amend an Act Entitled 'An Act to Regulate Judicial Sales of Real Estate,' etc., Designated as Act No. 877, of the Acts of 1932 * * * by *Definitizing the Time for Closing the Bidding,* by Excepting Foreclosure Sales Where no Personal or Deficiency Judgment is Sought, and by Fixing the Fees and Charges of Sales Officers." (Italics added.)

The latter Act then provides: "In all judicial sales of real estate the bidding shall not be closed upon the day of sale, but shall remain open *until noon of the thirtieth day after the sale, exclusive of the day of sale."* etc., Section 1. (Italics added.)

Does the statute require that the bids be in writing? The statute in question merely uses the words "bid" and "bidding" and "bidder". Nowhere in the statute is there any evidence or intimation as to any sort of specific bidding intended by the Legislature. Where the Court is called upon to construe words in a statute it will give such words their ordinary, everyday meaning. *Gaston v. State Highway Department,* 134 S. C., 402, 132 S. E., 680. In the case of *Banks v. Columbia Railway, Gas & Electric Company,* 113 S. C., 99, 101 S. E., 285, the Court said:

"The purpose of construction is to ascertain the legislative intent from the words used; and, if these are susceptible to any sensible meaning, the Court cannot add to them other words which would give them a different meaning without making, instead of construing, the statute." Citing *State Co. v. Jones*, 99 S. C., 218, 82 S. E., 1048.

The Legislature knew what the words "bid", "bidding," and "bidder" meant, and, if it had intended to restrict the accepted mode of bidding to a written bid, it would have done so.

In our opinion Judge Stoll correctly disposed of the foregoing question. We quote from his order:

"There is nothing in the statute to put a prospective bidder on notice as to the form of the bid, and I think that an oral bid submitted to the selling officer, duly entered in the bidder's name and with the 'necessary deposit' would be a good bid under the statute. However, it appears to me that the question of the form of the bid cannot be raised by petitioner for the reason that he had ample notice of the manner in which the sale would be conducted, and he actually participated in a lively and competitive bidding. Petitioner alleges that he was prepared to place a bid of Three Thousand ($3,000.00) Dollars on the property, and I think that the policy of the statute under consideration is to prevent the sacrifice of property at judicial sales, but the apparent answer to this contention of the petitioner is that he had the full thirty days in which to submit his bid. He took his chance, trying to get the property as cheap as possible and lost the bid. He cannot now be heard to complain."

Is selling officer required to accept all bids while bidding is continuous? Aside from the underlying reasons for the passage of the Act of 1933, as stated above, the words "by definitizing the time for closing the bidding", appearing in its title, show clearly the intention of the Legislature in effecting its enactment. We construe that statue to mean that bidding at judicial sales, left open

on the day of sale, shall *close* at twelve o'clock noon on the thirtieth day thereafter, exclusive of the day of sale. Any other construction would do violence to the expressed legislative intent. The reasoning employed by the Circuit Judge and the conclusion reached by him in passing upon this question must be approved by this Court. We quote again from his order:

"The second question is whether or not the selling officer should hold open the bidding until all bidders are eliminated except the highest one, where the bidding is continuous even though it would be necessary to carry such bidding beyond the thirty-day limit fixed by the Statute. As hereinabove stated the policy of the Statute is to prevent property being sold at judicial sales for sacrifice prices and any time during the thirty (30) day period, the petitioner could have raised the bid. The Statute is clear in this particular: it provides that the bidding 'shall remain open until noon of the thirtieth day', etc. It seems to me that this is in the form of a mandate to the selling officer conducting the sale to close the same at 12 o'clock noon on the thirtieth day after the day of the sale. There must be some stopping place, and the selling officer has no discretion in the matter. As was said by Mr. Justice Baker in the recent case of *Ex Parte Keller,* 185 S. C., 283, 194 S. E., 15, opinions of The Supreme Court of South Carolina filed during week ending December 4, 1937:

" 'In the conduct of the sale of this tract of land, the Special Referee was not acting in a judicial capacity, but in a ministerial capacity as the arm of the Court to carry out its orders.' "

The case of *Ex Parte Keller* referred to in the order will now be found in 185 S. C., 283, 194 S. E., 15.

All exceptions are overruled and the judgment of the Circuit Court affirmed.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.