13648

FORD v. ATLANTIC COAST LINE R. CO.

(169 S. E., 834)

*Messrs. Tom W. Davis, Henry E. Davis* and *Charlton DuRant,* for appellant,

Mr. W. C. Davis, for respondent,

June 12, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Katherine H. Ford obtained judgment in the Court of Common Pleas for Clarendon County against Atlantic Coast Line Railway Company and William Smith, which was affirmed by this Court sitting *en banc*. 169 S. C., 41, 168 S. E., 143. An appeal took the case to the Supreme Court of the United States, which affirmed the judgment, *with costs*. 287 U. S., 502, 53 S. Ct., 249, 77 L. Ed., 355.

The mandate from the Supreme Court of the United States to the Supreme Court of South Carolina came down February 15, 1933, and on the same day the remittitur from the Supreme Court of this State went down to the Circuit Court for Clarendon County.

Attorney for the respondent served notice on the attorneys for the appellants of a motion to tax certain items of disbursements, to be heard by the Clerk of the Court of Common Pleas for Clarendon County; the items proposed to be taxed were $1.62 for telegrams sent to an absent witness—this item was withdrawn at the hearing before the Clerk of Court; $43.20 paid the stenographer for a copy of the transcript of the testimony; and $85.21 paid for printing the brief of respondent in the United States Supreme Court.

Appellants' attorneys contested the taxation of these disbursements as costs by the Clerk, who overruled the objections, and sustained the motion for the taxation of the items of cost of printing the brief for hearing in the United States Supreme Court and for the transcript of record, which amounted in the aggregate to the sum of $128.41.

From the order of the Clerk of Court, defendants appealed to the Court of Common Pleas for Clarendon County

upon grounds which embody these suggestions of error: That the Clerk of Court for Clarendon County was without jurisdiction to pass on the item of $85.21 disbursement for printing the brief of respondent's attorney in the Supreme Court of the United States; that under the rules and practice of the Supreme Court of the United States only the Clerk of that Court could tax the costs of cases heard by it; and that the right to collect costs and disbursements in that Court is regulated solely by the rules and practice of that Court; that Rule 40 of the Circuit Courts of South Carolina relates solely to costs and disbursements in the Supreme Court of South Carolina; that Section 762, Vol. 1, Code 1932, relates solely to hearings in the Courts of South Carolina; that, if Section 762 was intended to apply to a hearing in the United States Supreme Court, it is unconstitutional because it is an attempt to regulate the practice in the Supreme Court of the United States, over which the Legislature and Courts of the State have no control; that the disbursement, $43.20 for copy of the transcript of the testimony, is not allowable under the statute or the rules of the Courts of this State.

The appeal was heard by Judge Rice, who, in a short order, sustained the action of the Clerk of Court.

From this order defendants appeal to this Court upon exceptions which are, in effect and purpose, similar to those upon which the appeal from the order of the Clerk of Court was founded.

The leading question of the appeal is found in the exceptions which allege that the rules and practice of the Supreme Court of the United States alone regulate the matter of the taxation of costs and disbursements in that Court; that, acting under the said rules and practice, the Clerk of the said Court has taxed the costs of the appeal in this case to that Court, has included them in the judgment of that Court, and sent them with the mandate of that Court to this Court, and the Clerk of the Circuit Court has

no authority to tax any other costs and disbursements of such appeal.

In support of this position, appellants rely especially upon Rules 13 and 32 of the Supreme Court of the United States, and the cases of *Ex parte Hughes,* 114 U. S., 548, 5 S. Ct., 1008, 29 L. Ed., 281, and *Lee Injector Mfg. Co. v. Penberthy Injector Co.* (C. C. A.), 109 F., 964.

A provision of Rule 13 is that the appellant, when the case is docketed, *and before the record is printed,* shall deposit with the Clerk of that Court *a sum sufficient to cover all the estimated costs of the appeal.*

The Clerk makes the estimate and supervises the printing of the record. Naturally the Clerk does not include in such estimate the costs of printing the briefs of attorneys of the parties because he has no means of knowing how much is so paid, and because he does not supervise such printing.

Another provision of the rules is that:

"In cases of reversal, affirmance, or dismissal with costs, the costs of printing the record and the Clerk's fees shall be taxed against the party against whom costs are given, and shall be inserted in the body of the mandate or other process."

"When costs are allowed in this Court it shall be the duty of the Clerk to insert the amount thereof in the body of the mandate, or other proper process sent to the Court below, and annex to the same the bill of items taxed in detail."

Manifestly the only items of costs which are thus taxed by the Clerk and included in the mandate are the costs of printing the record, which has been done under his supervision, and his fees, which are fixed by rule of the Court; he knows of no other costs; he has had nothing to do with printing briefs; and no items of disbursements have been, nor are they required to be, reported to him. He has not given notice of any reference for the taxation of costs. Respondent, whose judgment has been affirmed, is entitled to her costs.

Section 2 of Rule 32 provides that: "In all cases of affirmance of any judgment or decree by this Court, costs shall be allowed to the appellee, or respondent, unless otherwise ordered by this Court."

This would be a useless grant to the respondent if she is to be limited to the taxation made by the Clerk of the United States Supreme Court, which includes only the costs of printing the record and the Clerk's fees, which are paid from the deposit required to be made by the appellant when he dockets the case, and from which no part of respondent's costs and disbursements have been, or can be, paid, because they have not been included in the estimate of costs made by the Clerk when the case was docketed.

Appellants argue strenuously that the taxation of the Clerk of the United States Supreme Court is final and exclusive; that it shuts out any additional taxation by any State Court, or officer thereof. Yet Section 3 of Rule 32 of that Court provides that: "In case of reversal of any judgment or decree, by this Court, costs shall be allowed to the appellant or petitioner, unless otherwise ordered by this Court. The cost of the transcript of the record from the Court below shall be a part of such costs, and taxable in that Court as costs in the case."

It is clear that the contention that the taxation by the Clerk of the United States Supreme Court is the final word is error. It would be a queer thing if that great Court meant to say that the litigant who succeeds in reversing a judgment should have the right to tax his costs in the Court below, but that that right should be denied the litigant who succeeds in sustaining a judgment. Rule 27 of the Supreme Court of the United States requires that: "The counsel for an appellee, or respondent, shall file with the Clerk forty *printed copies of his brief* (italics added), at least one week before the case is called for hearing."

Here is the positive requirement that counsel for respondent shall file written brief, and here is the judgment of

the Court that respondent shall have her costs. Yet it is seriously argued that there is no process of law or rule of any Court by which they can be taxed and collection enforced.

The argument is illogical.

But appellants say that the position is sustained by the Supreme Court of the United States in the case of *Ex parte Hughes, supra,* and by the Circuit Court of Appeals in the case of *Lee Injector Mfg. Co. v. Penberthy Injector Co., supra.* In the first named case the Court did say: "It has never been the practice of this Court, in cases brought before it under its appellate jurisdiction, to tax as costs disbursements by counsel or parties for printing briefs."

The Circuit Court of Appeals for the Ninth Circuit quotes and adopts this language in the second case above referred to.

Note the language of the Court: *"It has never been the practice of this Court to tax as costs disbursements by counsel or parties for printing briefs."* (Italics added.)

Naturally they were not taxed by the Clerk of those Courts because, as is before stated in this opinion, the Clerk is required to estimate the costs, and the appellant is required to deposit with him a sum sufficient to cover such estimated costs, and the Clerk to supervise the printing of the record. He does not supervise the printing of briefs, but Rule 27 of the Court requires them to be printed. He knows nothing of the amount of such disbursements, and is not required to ascertain them; hence, they are not included in his taxation and are not attached to the mandate. But do these Federal Courts anywhere say that a litigant whose judgment has been affirmed, and to whom they have solemnly adjudicated the right to have her costs, may not collect them through the rules of the Courts where the litigation originated, and from which the appeal came to them? Such a holding would be but:

"To keep the word of promise to our ear,
And break it to our hope."

When the mandate came down from the Supreme Court of the United States to the Supreme Court of South Carolina, the jurisdiction of the Federal Court ended, and that of the State Supreme Court attached. When the State Supreme Court sent down its remittitur to the Court of Common Pleas for Clarendon County, the jurisdiction of the Supreme Court ended and that of the Circuit Court attached.

Section 762, Code Civil Procedure 1932, and Rule 40 of the Circuit Court then became operative, and are ample authority for the order of the Clerk of the Court and of Judge Rice allowing the taxation for the cost of the printing of the brief of respondent.

Clearly the sum paid for copy of the transcript of testimony was a legitimate expenditure which respondent was entitled to recover of appellants.

But appellants contend that Section 762, as we construe and apply it, is unconstitutional because it infringes upon the judicial power of the United States Supreme Court, in that it attempts to control or direct the practice in that Court.

The criticism is hypercritical. The section applies to the Courts of this State alone. It is only applied in this case after the Federal Supreme Court had lost jurisdiction and the Circuit Court for Clarendon County, where the litigation originated, had regained jurisdiction.

We do not think the cases of *Graham v. Bayne,* 18 How., 60, 15 L. Ed., 265, and *Harrison v. St. Louis & S. F. Railroad Company,* 222 U. S., 318, 34 S. Ct., 333, 58 L. Ed., 621, L. R. A., 1915-F, 1187, cited by appellants' counsel, bear upon this question.

There is not in Section 762, nor in Rule 40 of the Circuit Courts of this State, any attempt to regulate appeals to, or practice in, the Federal Courts. No rule of those Courts regulating practice in regard to the particular question here in-

volved has been called to our attention. In the citations from Federal Courts relied upon by appellants, when those Courts said: "It is not our *practice* to allow for taxation of disbursements for printing briefs," they use the word *practice* as synonymous with *custom*. Those Courts have no rule or statute regulating the matter.

All exceptions are overruled, and the order appealed from is affirmed, with costs.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.