14871

TOBIAS v. CAROLINA POWER & LIGHT CO.

(2 S. E. (2d), 686)

*Messrs. Dargan & Paulling,* for appellant,

*Mr. C. E. Gardner,* for respondent,

April 26, 1939.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

By this appeal we are asked to reverse the judgment of the lower Court which overruled a demurrer interposed by the appellant to the complaint.

Respondent brought action for the recovery of damages alleged to have been sustained by him on the night of January 22, 1938, when he was struck by an automobile while walking on a public highway near the Town of Darlington, which threw him against the exposed guy wires of an electric light pole installed and maintained by the appellant near the center of the highway, resulting in injury to his left leg and to his left eye and causing him to lose the sight of his left eye.

It appears that the appellant demurred to the original complaint, after which, and before the demurrer was heard, the respondent served notice of a motion for leave to amend the complaint in certain particulars. Upon the hearing the lower Court passed an order overruling the demurrer and permitting certain amendments to the complaint.

It is not necessary to analyze the original complaint to determine whether error was committed in overruling the demurrer. If the demurrer had been sustained, the respondent would have been entitled to amend his complaint in the same particulars as were allowed by the Court, and the appellant would have had no good ground for complaint. *Coral Gables v. Palmetto Brick Co.,* 183 S. C., 478, 191 S. E., 337. The same objections are made to the amended complaint as were directed against the original complaint, and the same legal issues arise. Both parties have treated the case as though a demurrer had been interposed by the appellant to the amended complaint, when in fact this was not done. For the sake of expediency we shall, therefore, discuss the issues on the basis of the amended complaint.

The major question presented by the appeal is based upon the contention that it appears from the complaint that the injury to the respondent was due to the independent,

efficient, intervening act of a third person, to-wit, the unknown driver of the automobile, for which the appellant was in nowise responsible, and which intervening act constituted the proximate cause of the plaintiff's injuries.

It is alleged in the amended complaint that the pole was located about the center of the highway, and was supported by two guy wires extending from its top, and anchored to the ground in the highway on each side, a considerable distance from the pole; "that the whole of the said highway or road was much used by the public at said projected or widened place and all around the said guy wires and pole, on both foot and in vehicles for a number of years prior to plaintiff's alleged injuries, all of which defendant knew or should have and would have known if it had made reasonable inspections of said pole, wires, and highway or road." It was also alleged that the appellant had originally maintained guards or boards around the guy wires so as to protect the public from being injured by the naked wires, but at the time of the accident, and for a long while prior thereto, the appellant had negligently and willfully failed to so protect the wires, which, because of their unprotected position in the highway, constituted a serious and dangerous instrumentality; "that on account of the ever increasing number, nature and different kinds of accidents to pedestrians and other travelers happening on the roads and highways of this State, and for a long time prior to plaintiff's said injury, the defendant knew or should have known that the said pole and guy wires so constructed at such place, which was so frequently used by the public, were a dangerous obstruction in said road, and would in all probability, or very likely cause some injury of some kind to members of the public."

The complaint went on to allege that all of the injuries suffered by the respondent were caused as a direct, natural, and proximate result of the appellant's gross negligence in installing and maintaining the guy wires in such a danger-

ous place or condition, together with the joint and concurring negligence of the driver or operator of the automobile which approached from the rear and struck the respondent.

While the general rule is that, if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the injury, the former must be considered as too remote, still, if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrongdoer, the causal connection is not broken and the original wrongdoer is responsible for all the consequences resulting from the intervening act. *Horne v. Atlantic Coast Line R. Co.*, 177 S. C., 461, 181 S. E., 642; *Johnston v. Atlantic Coast Line R. Co.*, 183 S. C., 126, 190 S. E., 459; *Keel v. Seaboard Air Line Ry.*, 122 S. C., 17, 114 S. E., 761; *Harrison v. Berkley*, 1 Strob., 525, 549, 47 Am. Dec., 578; *Cooper v. Richland Co.*, 76 S. C., 202, 56 S. E., 958, 10 L. R. A. (N. S.), 799, 121 Am. St. Rep., 946.

Liability for negligence is not predicated upon the necessity that the wrongdoer should foresee that an injury would result from his wrongdoing. It is sufficient that in view of all the attendant circumstances, he should have foreseen that his negligence would probably result in injury of some kind to someone. *Horne v. Southern R. Co.*, 186 S. C., 525, 197 S. E., 31, 116 A. L. R., 745; *Sander v. State*, 115 S. C., 168, 104 S. E., 567, 13 A. L. R., 1268.

In *Horne v. Southern R., supra* (186 S. C., 525, 197 S. E., 37), the Court approved the following rule from *Washburn v. Laclede Gas Light Co.*, 202 Mo. App., 102, *loc. cit.* 115, 214 S. W., 410, 414: "The liability of a person charged with negligence does not depend on the question whether with the exercise of reasonable prudence, he

could or ought to have foreseen the very injury complained of; but he may be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of his act or omission."

And see Restatement of the Law of Torts, Vol. 2, Negligence, page 1173, Section 435.

It therefore may be said from a resume of the authorities that to constitute negligence creating a liability for the damages to the respondent, it is not necessary that the appellant should have contemplated the particular event which occurred. It is enough that it should have contemplated the probable happening of some accident of this kind, involving bodily injury to others which ought to have been guarded against; and the doer of the act cannot shelter himself behind the defense that the actual consequence was one that rarely follows from that particular act. He may be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of his act or omission.

In the case at bar, the respondent was on the public highway, where he had a right to be, as was also the automobile operated by the unknown driver, which collided with the respondent. The negligent collision by the automobile with the respondent occurred while the negligence of the appellant existed and continued; and, however done, it was such an act, among many others, that might be conceived, which the jury might find that the appellant as an ordinarily prudent person, should have reasonably anticipated would probably occur, producing such injury as the plaintiff sustained. Under such circumstances, if established, the appellant would be responsible for injuries resulting to the respondent from its negligence in installing and maintaining an electric light pole with guy wires near the center of the public highway.

We do not believe that the position maintained by the appellant is tenable in this day of freakish traffic accidents;

or that the accident which occurred was of such an unusual and extraordinary character that it could not have been foreseen that some such occurrence might probably take place. Certainly the appellant might reasonably have anticipated that its negligence would probably result in injury of some kind to someone.

Appellant contends that the original complaint was not properly amendable by adding allegations inconsistent therewith, whereby the respondent repudiated or qualified admissions fatal to his cause of action. We do not think that the amendments allowed can be fairly subjected to this criticism. Substantially, the amendments merely amplified the original statement of facts.

In our opinion, after a careful study of the original complaint and the amended complaint, we think this contention is without merit. The failure of a complaint to contain all of the essential requisites of a cause of action does not preclude amendment. The Court was justified in allowing the amendment under Section 494, South Carolina Code, 1932. And see *Coral Gables v. Palmetto Brick Co., supra.*

Judgment affirmed, and cause remanded, with leave to appellant to plead over, provided this be done within ten days from the filing of the remittur.

Mr. Chief Justice Stabler and Messrs. Justices Bonham and Baker concur.

Mr. Justice Carter did not participate on account of illness.