15455

# SOUTH CAROLINA PUBLIC SERVICE AUTHORITY v. SPEARWANT LIQUIDATING COMPANY

(22 S. E. (2d), 252)

*Mr. William M. Wilson* and *Mr. Ben Hill Brown,* both of Charleston, Counsel for Appellant, 

*Mr. Norval N. Newell* and *Mr. Marion F. Winter,* both of Monck's Corner, and *Messrs. Stoney, Crosland & Pritchard,* of Charleston, Counsel for Respondent, 

October 13, 1942.

The Opinion of the Court was delivered by Mr. Associate Justice Fishburne:

The sole question presented by the appeal in this case is whether the lower Court erred in affirming the action of the Clerk of the Court of Berkeley County in allowing as a

proper item of cost in favor of the respondent the sum of $52.50, which was expended by the respondent for the purchase of a stenographic transcript of proceedings before a board of condemnation. The Board of Referees was composed of three members appointed pursuant to the terms of the State Authorities Eminent Domain Act, No. 178 of the Acts of 1939, 41 Stat. at Large, p. 265. The hearing before the Board of Referees lasted for one day, and the testimony taken made a transcript of 175 pages. Following the hearing the board rendered an award finding the true value of the land to be $20,000.00.

Upon appeal to the Circuit Court by the South Carolina Public Service Authority, in a trial *de novo,* the jury returned a verdict for the respondent landowner amounting to $19,250.00. Thereafter the costs were taxed and the disputed item of $52.50 was allowed upon the ground that such disbursement was made necessary by reason of the appellant's appeal to the Circuit Court, although the trial in the Circuit Court, as provided by law, was *de novo.*

We have held in a long line of cases that costs as such cannot be awarded without statutory authority. It was said in *Banks v. Columbia Ry., Gas & Electric Company,* 113 S. C., 99, 101 S. E., 285, 286:

"Costs and expenses of actions and proceedings are allowed to be taxed against the losing party only by statute, and they have always been regarded in this state as in the nature of penalties; hence statutes allowing them are strictly construed, and the party who claims the right to tax them against another must be able to point to some statute which allows him to do so. *Farr v. Thomson,* 1 Rich., 4; *Scott v. Alexander,* 27 S. C., 15, 2 S. E., 706; *Lancaster v. Barnwell* [County], 40 S. C., 445, 19 S. E., 74; *Campbell v. Sanders,* 42 S. C., 522, 20 S. E., 415; *Kershaw County v. Richland County,* 61 S. C., 75, 39 S. E., 263."

Also see to the same effect *Setzer v. Odom,* 174 S. C., 56, 176 S. E., 869; *Green v. Anderson County,* 56 S. C., 411, 34 S. E., 691.

Where a special condemnation statute, such as the one before us under which the appellant acted, provides an independent system for proceedings under it and makes provision for costs, it is generally held that no costs can be allowed except as therein provided, and the special statute excludes the operation of general statutes relating to the costs in civil actions generally. 30 C. J. S., Eminent Domain, § 381, page 81.

It will be borne in mind, of course, that we are dealing here solely with costs and expenses incurred before the Board of Referees. The State Authorities Eminent Domain Act, by Section 6, provides for the appointment of a board of three Referees whose duty it is to determine the question of compensation to be allowed a landowner under condemnation proceedings instituted under the Act. It is further provided that the referees shall hear such testimony as may be presented by either party, either by the examination of witnesses in person or by the production of affidavits, and that such hearing shall be informal, and shall be conducted by the referees without the application of strict rules of evidence. By Section 8 it is provided that in case of an appeal by either party to the Circuit Court, the whole matter shall be heard *de novo* before a jury, and that the landowner shall be the actor. When we refer to Section 7 of this special condemnation statute, we find no authority which would authorize the payment of the item of expense in controversy —that is, the cost of the stenographic transcript of the proceedings before the Board of Referees. That section (§ 7) clearly shows what expenses are properly taxable. For instance, the South Carolina Public Service Authority is specifically required to pay each member of the Board of Referees $10.00 per day and necessary travel and subsistence expenses; the Clerk of Court $5.00 for each case; the sheriff

all regular fees to which he is entitled; and, finally, the Public Service Authority as condemnor "shall pay per diem and mileage of all witnesses appearing before said Board of Referees which shall be taxed by the Clerk of Court at the same rate provided for witnesses in the Court of Common Pleas."

Nowhere in the Act can authority be found for the ██ employment of a stenographer or for the payment of stenographic fees for any transcript of the proceedings had before the Board of Referees. In fact, the Act is very clear in providing that the hearing before the Board of Referees shall be informal. Of course it was probably convenient and useful to the respondent's attorneys to have a transcript of the record upon the trial *de novo* in the Court of Common Pleas, but this item was not taxable against the appellant. Costs are purely statutory in character, and will not be allowed against the losing party unless the party who claims the right to tax them can point to some statute which allows him to do so.

"Ordinarily in the absence of statute, rule of court, custom equivalent to rule of court, order of court in a specific case, or special agreement between the parties, the cost of a transcript or copy of the evidence, or of a part thereof, obtained for the convenience of the parties or their counsel, cannot be taxed as part of the costs. 20 C. J. S., Costs, § 249, page 484."

But if we go outside of the Eminent Domain Act and examine the general statutes relative to costs in civil actions generally, we discover no justification for the taxation of the item here in dispute. Certainly it cannot be found in Section 654, Code 1932, which provides for trial by a Master or by a Referee in actions pending in the Court of Common Pleas. Section 654 provides, among other things: "The master or referee, at the request of any party to a cause who may tender the necessary expenses incident thereto, *may* employ a competent stenographer to take testimony in such

cause: Provided, That such expenses shall not be taxed in the costs or included in the disbursements of the same." (Emphasis added.)

The lower Court was of the opinion that Section 762, 1932 Code, was applicable, and would authorize the payment of the item in controversy. This section provides: "The clerk shall insert in the entry of judgment * * * the sum of the allowances for costs and disbursements, as provided by law, the necessary disbursements, including the *fees of officers allowed by law*, the fees of witnesses, the reasonable compensation of commissioners in taking depositions, the fees of referees, and the expense of printing the papers for any hearing, when required by a rule of the court. The disbursements shall be stated in detail and verified by affidavit. A copy of the items of the costs and disbursements shall be served, with a notice of adjustment." (Emphasis added.)

Obviously this section does not of itself sanction the expense of a transcript of testimony before the referees to be taxed as an item of cost or disbursement. We must look elsewhere to determine what the "fees of officers allowed by law" are. The Circuit Court found such authorization in the case of *Ford v. Atlantic Coast Line R. Company,* 170 S. C., 93, 169 S. E., 834, 836. In that case this Court in passing upon the cost of the transcript of testimony taken in the Circuit Court of Clarendon County, said: "Clearly the sum paid for copy of the transcript of testimony was a legitimate expenditure which respondent was entitled to recover of appellants."

However, the lower Court overlooked the fact that Section 596, 1932 Code, provides for the appointment of official stenographers to report the trial of cases in the Circuit Courts, and requires such official stenographers to furnish to litigants in those Courts copies of the transcript of trials therein upon payment to the stenographer of the fees therein prescribed. With respect to this item of expense, Section 596

provides: "Any sum so paid by any party shall be considered a necessary disbursement in the taxation of costs."

By its terms, the foregoing section applies only to trials in the Circuit Courts, and has no application to proceedings before the Board of Referees under the State Authorities Eminent Domain Act.

Judgment reversed.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER and STUKES concur.