## 23726

Joey M. OLIVER, as Guardian Ad Litem for Bradford Michael Oliver, a Minor Over the Age of Fourteen Years, Respondent v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Appellant.

(422 S.E. (2d) 128)

Supreme Court

*Charles E. Carpenter, Jr.* and *Deborah L. Harrison,* both of *Richardson, Plowden, Grier & Howser,* Columbia, and *Joseph P. McLean,* of *Clarke, Johnson & Peterson,* Florence, *for appellant.*

*Kevin M. Barth* and *R. Bryan Harwell,* both of *Harwell, Ballenger & DeBerry,* Florence, *for respondent.*

Heard June 2, 1992; Decided Oct. 5, 1992.

Reh. Den. Nov. 5, 1992.

TOAL, Justice:

This appeal arises out of Oliver's action against the South Carolina Department of Highways and Public Transportation ("Highway Department") for negligence. The issues presented on appeal are whether there was sufficient evidence to support the jury's finding of proximate cause and whether the trial court erred in taxing costs against the Highway Department. We affirm on the issue of proximate cause and reverse and remand the taxing of costs.

## FACTS

On June 1, 1989, Bradford Michael Oliver ("Oliver") was traveling east on a Kawasaki motorcycle in the outside lane of Highway 76/501, a four-lane road. A truck was also traveling east on Highway 76/501 but in the inside lane. When the truck abruptly changed lanes in front of Oliver, his motorcycle collided with the right front fender of the truck. The impact caused Oliver, still positioned on the motorcycle, to leave the roadway, cross the sidewalk, and strike a Lincoln Town Car parked in Tucker's Used Cars ("Tucker's") lot. The Lincoln was parked facing the roadway with its front bumper either at or extending over the edge of the sidewalk. The Highway Department concedes the Lincoln was at least partially obstructing the right-of-way which extends one foot from the inside edge of the sidewalk. There was testimony that the used cars had been positioned over the right-of-way for many years. Three previous accidents occurred at this site when motorists collided with the used cars.

When the front tire of Oliver's motorcycle hit the extreme left end of the Lincoln's front bumper, Oliver's helmet struck the corner of the bumper five or six inches behind the front of the car. This impact brought Oliver's body to a sudden stop. According to the medical testimony, Oliver suffered a "deceleration type" of injury to his spinal cord which occurred at the moment of impact when his body came to a sudden stop. This injury resulted in Oliver's total and permanent paraplegia. An accident reconstructionist opined that if the Lincoln had been placed further back onto the lot, out of the right-of-way, Oliver would have collided with the front of the car at a more shallow angle so that he would have been deflected back parallel to the

road; and, therefore, he would not have experienced the sudden deceleration on impact. Oliver brought this action alleging the Highway Department was negligent for failing to keep the right-of-way clear.[1] The jury awarded Oliver damages in the amount of $3,250,000.00. The trial judge reduced this award to the $250,000.00, pursuant to the statutory cap provided in the South Carolina Tort Claims Act for tort actions against the State. S.C. Code Ann. § 15-78-120 (Supp. 1991). On Oliver's posttrial motion, the trial judge awarded Oliver $19,944.95 in costs which included expert witness fees, trial exhibits expenses and the expense of copying medical records.

## LAW/ANALYSIS

*Proximate Cause*

Proximate cause requires proof of both causation in ▪ fact, and legal cause. "Causation in fact is proved by establishing the injury would not have occurred 'but for' the defendant's negligence." *Whitlaw v. Kroger Co.*, — S.C., 410 S.E. (2d) 251, 253 (1991) (quoting *Bramlette v. Charter-Medical-Columbia*, 302 S.C. 68, 74, 393 S.E. (2d) 914, 916 (1990)). The Highway Department contends that even if the right-of-way had been unobstructed, Oliver would have collided with one of the cars on the lot. Thus, the Highway Department claims that the positioning of the car was not the cause in fact of Oliver's injuries. According to the accident reconstructionist's testimony, however, had the Lincoln been parked behind the right-of-way line, Oliver's motorcycle would have hit the front of the bumper which would have caused a glancing type collision. Thus, Oliver would not have experienced the "deceleration type" injury to his spinal cord which resulted in his paraplegia.

"Legal cause is proved by establishing foreseeability." ▪ *Id.* "The standard by which foreseeability is determined is that of looking to the 'natural and probable consequences' of the complained of act." *Young v. Tide Craft, Inc.*, 270 S.C. 453, 462, 242 S.E. (2d) 671, 675 (1978). The Highway Department maintains its negligence was too remote to constitute the legal cause of Oliver's injuries and that the sole

---

[1] Oliver reached a settlement agreement with the driver of the truck and Tucker's.

proximate cause of his injuries was the negligence of the truck driver. In *Tobias v. Carolina Power & Light Co.*, 190 S.C. 181, 2 S.E. (2d) 686 (1939), the defendant light company's failure to maintain protective covers on the guy wires of a telephone pole was upheld as a proximate cause of injuries sustained by the plaintiff pedestrian when he was thrown into a guy wire after having been hit by a negligent motorist. In pertinent part, we held that:

> [W]hile the general rule is that, if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the injury, the former must be considered as too remote, still, if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrongdoer, the causal connection is not broken and the original wrongdoer is responsible for all the consequences resulting from the intervening act.

*Id.* at 187, 2 S.E. (2d) at 687-88. Further, it is not necessary for the Highway Department to have been able to foresee the particular event which occurred.

> "[I]t is enough that it should have contemplated the probable happening of some accident of this kind, involving bodily injury to others which ought to have been guarded against; and the doer of the act cannot shelter himself behind the defense that the actual consequence was one that rarely follows from that particular act. He may be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of his act or omission."

*Id.* at 187, 2 S.E. (2d) at 688. Furthermore, legal cause is ordinarily a question of fact for the jury. Only when the evidence is susceptible to only one inference does it become a matter of law for the court. *Matthews v. Porter*, 239 S.C. 620, 124 S.E. (2d) 321 (1962).

The Highway Department argues the only foreseeable injury due to obstructed sidewalk was to pedestrians using the

sidewalk. The Highway Department's own witness, however, acknowledged obstructions of the right-of-way posed a danger to users of the highway. Finally, there had been three prior accidents involving cars parked on the lot and motorists using the highway. Thus, we find there was sufficient evidence that an accident of this kind was foreseeable. Accordingly, we affirm the jury's finding as to proximate cause.

*Taxing of Costs*

The Highway Department argues the trial court erred in awarding costs to Oliver by including expert witness fees and expenses for trial exhibits (photographs and sketches). We agree and reverse and remand for reconsideration of costs consistent with this opinion.

"Costs and expenses of actions and proceedings are allowed to be asked against the losing party only by statute, . . ." *South Carolina Public Service Authority v. Spearwant Liquidating Co.*, 201 S.C. 207, 209, 22 S.E. (2d) 252, 253 (1942). Further, costs "have always been regarded in this state as in the nature of penalties; hence statutes allowing them are strictly construed, and the party who claims the right to tax them against another must be able to point to some statute which allows him to do so." *Id.* Oliver contends statutory authority is provided by S.C. Code Ann. § 15-37-40 (1976) which refers only generally to the taxing of witness fees as a cost.[2] This provision, however, does not specifically

---

[2] Section 15-37-40 provides:

> The clerk shall insert in the entry of judgment, on the application of the prevailing party upon five days' notice to the other except when the attorneys reside in the same city, village or town and then upon two days' notice, the sum of the allowances for costs and disbursements as provided by law and the necessary disbursements, including the fees of officers allowed by law, the fees of witnesses, the reasonable compensation of commissioners in taking depositions, the fees of referees and the expense of printing the papers for any hearing when required by a rule of the court. The disbursements shall be stated in detail and verified by affidavit. A copy of the items of the costs and disbursements shall be served with a notice of adjustment.

The successful party is entitled to these costs as a matter of course in all civil actions at law, and in actions in equity unless the court orders otherwise. S.C. Code Ann. §§ 15-37-10, -20 (1976). Other statutory provisions which allow the recovery of suit money or reasonable attorney's fees and costs when bringing a specific action are distinguishable and not pertinent to this opinion. *See e.g.* S.C. Code Ann. §§ 20-3-120 (1985) and 39-5-140 (1985).

address expert witness fees. "Fees for expert witnesses, beyond the ordinary fees authorized for witnesses generally, are not taxable as costs unless there is a statute specifically allowing such an expense." 20 C.J.S. *Costs* § 116 (1990).

Oliver directs our attention to the following North Carolina cases which held that expert witness fees should be recoverable When the testimony was material, necessary and competent. *Campbell by and through McMillan v. Pitt County Memorial Hospital*, 84 N.C. App. 314, 352 S.E. (2d) 902 *aff'd* 321 N.C. 260, 362 S.E. (2d) 273 (1987) (subsequently overruled on other grounds in *Johnson v. Ruark Obstetrics and Gynecology Associates*, 327 N.C. 283, 395 S.E. (2d) 85 (1990)) and *Williams v. Boylan Pearce, Inc.*, 69 N.C. App. 315, 317 S.E. (2d) 17 (1984) *aff'd* 313 N.C. 321, 327 S.E. (2d) 870 (1985). North Carolina's statutory authority is distinguishable from our statute, however, in that expert witness fees are specifically addressed and allowed. Under the North Carolina statutory scheme, "costs may be allowed or not, in the discretion of the court, unless otherwise provided by law." N.C. Gen. Stat. § 6-20 (1986). Further, "[a]n expert witness, other than a salaried State, county, or municipal law enforcement officer, shall receive such compensation and allowances as the court, or the Judicial Standards Commission, in its discretion, may authorize." N.C. Gen. Stat. § 7A-314(d) (1989). There is no comparable statutory authority expressly and specifically authorizing expert witness fees in South Carolina. Therefore, we are limited by Rule 45(g), S.C.R.C.P., which places a fixed dollar amount on witness fees in the amount of $25.00 per day plus mileage.

Oliver also sought reimbursement for his expense in ■ procuring photographs and medical exhibits used by his witness at trial. As with expert witnesses fees, there is no statutory provision that expressly allows for trial exhibits to be assessed as costs. Therefore, we reverse the taxation as costs against the Highway Department for trial exhibits.

The Highway Department further contends the trial ■■ judge erred in including Oliver's expenses for copying medical records as a recoverable cost. S.C. Code Ann. § 15-37-40 (1976) allows for the taxing of costs to the losing party for "the expense of printing the papers for any hearing

when required by a rule of court." Oliver incurred the cost of copying medical records as the result of the Highway Department's interrogatories and request for production. Therefore, the expense of copying medical records is a cost under the statute because it was required by a rule of court. Accordingly, we affirm the taxation as costs against the Highway Department for copying medical records. The Highway Department also appeals the award for a process server's fee in the amount of $270.50. This expense was not questioned before the trial judge, and is, therefore, not properly before us.

Reversed in part, affirmed in part, and remanded.

CHANDLER, Acting C.J., FINNEY and MOORE, JJ., and CURTIS G. SHAW, Acting Associate Justice, concur.

