HERMITAGE INDUSTRIES, Plaintiff,

v.

**SCHWERMAN TRUCKING COMPANY, Defendant.**

Civ. A. No. 3:92–534–19.

United States District Court,
D. South Carolina,
Columbia Division.

Feb. 8, 1993.

Lisa L. Heller, Robins, Kaplan, Miller & Ciresi, Atlanta, GA, John E. Schmidt, III, Nelson, Mullins, Riley & Scarborough, Columbia, SC, for plaintiff.

Pope D. Johnson, III, Whaley, McCutchen, Blanton & Rhodes, Columbia, SC, for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION IN LIMINE

SHEDD, District Judge.

This property damage action arises out of a chemical explosion which occurred at plaintiff's facility in Camden, South Carolina, allegedly as a result of defendant's negligence. Defendant denies that it was negligent and contends that the explosion occurred as a result of plaintiff's own negligence. Currently pending before the Court is plaintiff's motion in limine to exclude defendant's expert witness from testifying at trial (1) that plaintiff was "negligent" or (2) that plaintiff's conduct was a "direct, proximate and efficient cause" of the chemical explosion, based on the grounds that this testimony states a legal conclusion. Defendant asserts that the proffered testimony is admissible as an opinion on an ultimate issue under Rule 704(a) of the Federal Rules of Evidence. After carefully reviewing the arguments presented and the controlling legal authorities, the Court concludes that the proffered testimony does state a legal conclusion and is therefore inadmissible; accordingly, the Court will grant the motion in limine.

I

Rule 704(a) provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." This rule is not a rule of

exclusion; that is, it does not operate to exclude evidence from being admissible. Instead, Rule 704(a), which "was enacted to change the old view that the giving [of] an opinion on an ultimate issue would 'usurp the function' or 'invade the province' of the jury," *Owen v. Kerr–McGee Corp.*, 698 F.2d 236, 240 (5th Cir.1983); merely "remove[s] the proscription against opinions on 'ultimate issues,'" *Torres v. County of Oakland*, 758 F.2d 147, 150 (6th Cir.1985); and "authorize[s] the trial judge to admit opinions on the ultimate fact when helpful to the trier of fact...." *United States v. Cecil*, 836 F.2d 1431, 1441 (4th Cir.), *cert. denied*, 487 U.S. 1205, 108 S.Ct. 2846, 101 L.Ed.2d 883 (1988). The proffered testimony of defendant's expert witness, *i.e.*, that plaintiff was "negligent" and this negligence was a "direct, proximate and efficient cause" of the chemical explosion, is an opinion embracing an ultimate issue in this case.[1] Without question, the proffered testimony is not objectionable simply because it embraces an ultimate issue.

However, "[t]he fact that an opinion or inference is not objectionable because it embraces an ultimate issue does not mean ... that all opinions embracing the ultimate issue must be admitted...." M. Graham, *Federal Practice And Procedure*, § 6661, at 314 (Interim ed. 1992). This principle is apparent from the text of Rule 704(a), which provides that an ultimate opinion issue is not objectionable if it is "otherwise admissible." Moreover, the advisory committee's note to Rule 704 "underscores the fact that the rule does not exist in a vacuum; rather, to be admissible under Rule 704 an expert's opinion on an ultimate issue must be helpful to the jury and also must be based on adequately explored legal criteria." *Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1474 (11th Cir.1984). Simply put, Rule 704(a) "does not lower the bars so as to admit all opinions." *Fed.R.Evid.* 704 advisory committee's note.

As noted, plaintiff seeks to exclude the proffered testimony of defendant's expert witness[2] on the grounds that it improperly states a legal conclusion, which would almost always, if not always, be characterized as an "ultimate issue." Rule 704(a), in liberalizing the use of ultimate issue opinions, does not expressly provide that a witness may not state an opinion as to a legal conclusion. However, the fact that Rule 704(a) is silent on this point is not particularly significant since, as noted, the purpose of Rule 704(a) is not to exclude evidence. What is significant in this regard is the advisory committee's note to Rule 704, which clearly indicates that ultimate issue opinion testimony in the form of a legal conclusion is not admissible:

> Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach ... They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria. Thus, the question "Did T have capacity to make a will?" would be excluded, while the question, "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed.

*Fed.R.Evid.* 704 advisory committee's note. As the Fifth Circuit has observed, the example concerning testamentary capacity used by the advisory committee in this note illustrates the fact that an opinion setting forth a legal conclusion is not admissible:

> The first question is phrased in such broad terms that it could as readily elicit a legal as well as a fact based response. A direct response, whether it be negative or affirmative, would supply the jury with no information other than the expert's view of how its verdict should read.

*Owen*, 698 F.2d at 240.

Although not cited by the parties, the Court has uncovered one opinion of the

---

**1.** An "ultimate issue" is "[t]hat question which must finally be answered as [for example] the defendant's negligence is the ultimate issue in a personal injury action." *Black's Law Dictionary*, 1365 (5th ed. 1979).

**2.** While the proffered testimony here is that of an expert witness, the Court notes that the general analysis set forth herein should also apply to testimony of a lay witness.

Fourth Circuit which appears to be controlling. In *Adalman v. Baker, Watts & Co.*, 807 F.2d 359 (4th Cir.1986), the pertinent issue, as framed by the court, was "to what extent may the parties call expert witnesses, lawyers in this case, to testify to the jury as to what the applicable law may mean, and what the applicable law does or does not require?" 807 F.2d at 366. The court, in affirming the district court's exclusion of expert testimony, analyzed this issue as follows:

> While this case turns on the applicability and meaning of the securities laws, the issue as just stated obviously has a far broader reach than securities cases. If such experts are to testify to the meaning and applicability of securities laws, what line is to be drawn to exclude tort lawyers from offering their expert opinions to the jury as to the meaning and applicability of the laws governing tort litigation? Examples of this sort could be multiplied across the gamut of litigation.
>
> The analysis here begins with the proposition that under our system it is the responsibility—and the duty—of the court to state to the jury the meaning and applicability of the appropriate law, leaving to the jury the task of determining the facts which may or may not bring the challenged conduct within the scope of the court's instruction as to the law.
>
> *Under circumstances involving domestic law, this court can conceive of no circumstances which would shift this burden from the court to the jury, where the jury judgment would be influenced, if not made, on the basis of expert witness testimony which would undoubtedly follow the usual pattern of conflicting expert opinions. Permitting such testimony as to legal conclusions gives cogent meaning to the "apprehensions that jurors will turn to the expert, rather than to the judge, for guidance on the applicable law."*

807 F.2d at 366 (citation omitted) (emphasis added). In bolstering its conclusion that the proffered testimony was inadmissible, the court noted that application of Rule 704(a) did not change the result, finding that the testimony fell "within the bar imposed by the 'otherwise admissible' language" of the rule. 807 F.2d at 368.[3] *See also Federal Realty Inv. Trust v. Pacific Ins. Co.*, 760 F.Supp. 533, 538 (D.Md.1991) (citing *Adalman*, the court stated that "expert testimony concerning applicable legal standards is improper and inadmissible").[4]

## II

In light of the foregoing authorities, the Court concludes that testimony by a witness in the form of a legal conclusion is clearly inadmissible. Having reached this conclusion, the Court must now determine whether the proffered testimony in this case constitutes an impermissible legal conclusion. In making this determination, the Court notes that "[t]he task of separating impermissible questions which call for overbroad or legal responses from permissible questions is not a facile one," *Owen*, 698 F.2d at 240; since "[t]he distinction ... is not always easy to perceive." *Haney*, 744 F.2d at 1473.

In *Torres*, the Sixth Circuit articulated what the Court believes to be the proper framework for use in determining whether opinion testimony improperly embraces a legal conclusion:

---

3. While *Adalman* may be read narrowly as only prohibiting a witness from taking the stand to explain the meaning of particular laws, the Court does not believe that the opinion is so limited.

4. Other federal circuit courts of appeals have concluded that opinion testimony in the form of a legal conclusion is inadmissible. *See, e.g., Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir.1992); *Phillips v. Calhoun*, 956 F.2d 949, 952 (10th Cir.1992); *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir.1990); *Shahid v. City of Detroit*, 889 F.2d 1543, 1547–48 (6th Cir.1989); *Owen*, 698 F.2d at 239–40. The South Carolina Supreme Court has also held that expert testimony embracing a legal conclusion is inadmissible. *See, e.g., O'Quinn v. Beach Assocs.*, 272 S.C. 95, 249 S.E.2d 734, 739–40 (1978) ("The testimony ... was offered to establish a conclusion of law within the exclusive province of the court and thus was properly excluded"). In excluding testimony of this type, courts have advanced such reasons as it allows a witness to tell the jury what verdict to reach, it tends to confuse jurors, and as noted in *Adalman*, it increases the likelihood that jurors will look to the witness rather than the trial judge for guidance as to the law. *See* 3 J. Weinstein & M. Berger, *Weinsteins' Evidence*, ¶ 704[02], at 704–12 to –13 (1992).

The best resolution of this type of problem is to determine whether the terms used by the witness have a separate, distinct and specialized meaning in the law different from that present in the vernacular. If they do, exclusion is appropriate.

758 F.2d at 151.[5] Applying this analysis to this case, the Court must determine whether the terms "negligent" and "direct, proximate, and efficient cause" have a "separate and distinct meaning in the law different from that in the vernacular?" If the Court finds that these terms do have such meanings, then the Court must exclude this testimony.

Initially, the Court notes that several courts have held that the term "negligence" conveys a legal conclusion and is therefore inadmissible. *See, e.g., Shahid,* 889 F.2d at 1547; *Andrews v. Metro N. Commuter R. Co.,* 882 F.2d 705, 709 (2d Cir.1989). Moreover, one leading commentator has also noted this fact:

> With respect to negligence actions, an opinion phrased in terms of negligence itself, involving not only the formulation of a legal standard by the witness but also one substantially immune to exploration, seems calculated to confuse or mislead rather than assist the trier. Hence phrasing solely in more factual terms is desirable.

M. Graham, *Federal Practice & Procedure, supra* § 6661 at 319. Although the courts in the cases cited above did not specifically use the *Torres* analysis, the court in *Andrews* implicitly did so, noting that under the con-

trolling state law (Connecticut), "negligence" is the breach of a duty and the existence and nature of the duty is a question of law to be determined by the court. 882 F.2d at 709. Under South Carolina law, which is controlling here, "negligence" is similarly defined. In contrast, the term "negligence" in the common vernacular encompasses a much broader standard. *See American Heritage Dictionary,* 835 (2d ed. 1991) ("negligence" is the "state or quality of being negligent," which is defined as "[e]xtremely careless or causal"). While there are undoubtedly non-lawyers whose definition of the term "negligent" more closely resembles the legal term, the conclusion is inescapable that the legal definition of the term has a separate meaning which is distinct from the common vernacular. Therefore, the Court finds that the proffered testimony of defendant's expert witness that plaintiff was "negligent" constitutes a legal conclusion and is therefore inadmissible. Accordingly, the Court will grant the motion in limine as it relates to the proffered testimony that plaintiff was "negligent." [6]

The Court also finds that the motion should be granted as to the proffered testimony that plaintiff's conduct was the "direct, proximate, and efficient cause" of the chemical explosion. This term, like the term "negligent," has a clear legal meaning which is distinct from the common vernacular. *See Oliver v. South Carolina Dep't of Highways and Pub. Transp.,* 422 S.E.2d 128, 130–31 (S.C.1992).[7] Moreover, regardless of what

---

5. In *United States v. Wright,* 836 F.2d 548 (Table) (4th Cir.1987) (available on Westlaw), the Fourth Circuit addressed this issue in a manner consistent with *Torres.* After noting the concerns which are associated with opinion testimony embracing a legal conclusion, the *Wright* court stated that "these concerns are alleviated and testimony is admitted where the standard or term has a lay meaning that matches its legal meaning as used in a given case." However, the Court in *Wright* went further and stated that the ability of a party which has proffered inadmissible testimony to rephrase a legal conclusion in a manner which avoids the problems justifying exclusion must also be considered in determining whether to exclude such testimony.

While unpublished opinions of the Fourth Circuit do not constitute binding precedent, *Hupman v. Cook,* 640 F.2d 497, 501 n. 7 (4th Cir. 1981); and citation of such opinions is disfavored, *I.O.P.* 36.6 (4th Cir.); they are entitled to

"the weight they generate by the persuasiveness of their reasoning." *Hupman,* 640 F.2d at 501. To the extent that *Wright* is consistent with *Torres,* the Court finds it persuasive. However, because *Adalman,* which is binding precedent, provides without exception that a witness may not testify concerning a legal conclusion, the Court finds the second prong of the analysis stated in *Wright* to be unpersuasive. In any event, applying the full *Wright* analysis here would not lead to a different result.

6. This ruling also encompasses any testimony which defendant may wish to use that contains a variation of the term "negligent."

7. The terms "direct" and "efficient" cause are incorporated in the legal definition of the term "proximate cause." *See Hughes v. Children's Clinic, P.A.,* 269 S.C. 389, 237 S.E.2d 753, 757 (1977).

definition may be assigned to this term generally, it is clear that defendant's intention in this instance is to convey to the jury a legal, rather than factual, conclusion since there is no factual dispute concerning how the chemical explosion occurred. In this respect, this case presents a situation very similar to that addressed by the Fifth Circuit in *Owen*, in which the court affirmed the exclusion of expert testimony:

> The court was well justified in concluding that the attorney's question sought from the witness his opinion as to the *legal*, not a factual, "cause of the accident. This is so because there was no dispute in the evidence as to the factual cause of the mishap: Owen ran into the pipeline with his bulldozer. Thus, this makes it obvious that the attorney was asking the witness to opine that Owen was contributorily negligent. Whether or not Owen's acts were the "cause of the accident" is the issue the jury must resolve after appropriate legal instructions by the court.

698 F.2d at 240 (emphasis in original). For these reasons, the Court finds that the proffered testimony states a legal conclusion and is therefore inadmissible.[8]

### III

Based on the foregoing, the Court hereby ORDERS that plaintiff's motion in limine be GRANTED and that the proffered testimony that plaintiff was "negligent" or that plaintiff's conduct was the "direct, proximate, and efficient cause" of the chemical explosion be EXCLUDED.

IT IS SO ORDERED.

---

8. This opinion is limited to the sole issue presented by the motion in limine; that is, whether the proffered testimony is objectionable because it embraces a legal conclusion. The Court express-es no opinion whether testimony of the type proffered, although couched in other language, is otherwise admissible.