**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1906**

WALLACE GRAHAM; DOROTHY GRAHAM,

    Plaintiffs - Appellants,

  v.

PROGRESS ENERGY, INCORPORATED,

    Defendant - Appellee,

  and

BASSETT FURNITURE INDUSTRIES, INCORPORATED; FLEETWOOD HOMES
OF GEORGIA, INCORPORATED; PHILLIPS, INCORPORATED,

    Defendants.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:05-cv-02895-TLW)

Argued:  May 12, 2010       Decided:  June 25, 2010

Before SHEDD, DUNCAN, and AGEE, Circuit Judges.

Reversed and remanded by unpublished per curiam opinion.

**ARGUED:** Robert Paul Foster, FOSTER LAW FIRM, LLP, Greenville,
South Carolina, for Appellants.  Jerome Scott Kozacki, WILLCOX
BUYCK & WILLIAMS, PA, Florence, South Carolina, for Appellee.
**ON BRIEF:** William P. Walker, Jr., WALKER & MORGAN, LLC,
Lexington, South Carolina, for Appellants.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises from a grant of summary judgment. The district court dismissed a negligence claim upon finding insufficient evidence to establish proximate causation under South Carolina law. Because we are unable to find that the alleged harm was unforeseeable as a matter of law, we reverse.

I.

When Appellants Wallace and Dorothy Graham failed to pay their electricity bill, Appellee Progress Energy, Inc., ("Progress") disconnected electricity to their home allegedly without following various regulations (e.g., requiring that the Grahams receive prior notice and be offered a deferred payment plan). The Grahams consequently lit several candles for illumination. Two of the candles were placed on sconces mounted on the wall above a sofa in their living room. The Grahams forgot to extinguish the candles before falling asleep. That night, Wallace Graham awoke to find that the burning candles had caused a fire beginning on the living room wall above the couch. His wife managed to escape through the front door, but he became trapped inside the master bedroom and suffered burns and smoke inhalation before being rescued.

3

The Grahams sued Progress (among other defendants) for negligence under South Carolina law. The district court granted Progress's motion for summary judgment under Federal Rule of Civil Procedure 56. Finding insufficient evidence to establish proximate causation, the court reasoned that, "[w]hile Progress may have foreseen that the plaintiffs would use candles as a source of light, it is unforeseeable that the plaintiffs would fail to extinguish the candles prior to falling asleep." J.A. 318. This appeal followed.

## II.

We "review[] a district court's decision to grant summary judgment de novo, applying the same legal standards as the district court." Pueschel v. Peters, 577 F.3d 558, 563 (4th Cir. 2009). Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "[I]n ruling on a motion for summary judgment, the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (internal quotations omitted).

4

The issue before us is whether a reasonable jury could conclude that Progress's alleged negligent conduct proximately caused the Grahams' alleged harm. The South Carolina Supreme Court has recently articulated the relevant law:

> To establish a negligence cause of action under South Carolina law, the plaintiff must prove the following three elements: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty.
> Normally, proximate cause is a question of fact for the jury, and it may be proved by direct or circumstantial evidence. Proximate cause requires proof of: (1) causation-in-fact, and (2) legal cause. Causation-in-fact is proved by establishing the injury would not have occurred but for the defendant's negligence, and legal cause is proved by establishing foreseeability.
> Indeed, foreseeability is considered the touchstone of proximate cause, and it is determined by looking to the natural and probable consequences of the defendant's act or omission. However, while foreseeability of some injury from an act or omission is a prerequisite to establishing proximate cause, the plaintiff need not prove that the defendant should have contemplated the particular event which occurred. Moreover, it is not necessary to prove that the defendant's negligence was the sole proximate cause of the injury. Instead, it is sufficient if the evidence establishes that the defendant's negligence is a concurring or a contributing proximate cause. Concurring causes operate contemporaneously to produce the injury, so that it would not have happened in the absence of either. In other words, if the actor's conduct is a substantial factor in the harm to another, the fact that he neither foresaw nor should have foreseen the extent of harm or the manner in which it occurred does not negative his liability.

J.T. Baggerly v. CSX Transp., Inc., 635 S.E.2d 97, 101 (S.C. 2006) (internal quotations, citations, and emphases omitted).

5

Progress does not dispute causation-in-fact. Regarding legal causation, Progress contends that "Mr. and Mrs. Graham's actions were an intervening, independent cause of the fire" that was unforeseeable. Appellee's Br. at 16. Under South Carolina law, "[f]or an intervening act to break the causal link and insulate the tortfeasor from further liability, the intervening act must be unforeseeable." McKnight v. S.C. Dep't of Corrections, 684 S.E.2d 566, 569 (S.C. Ct. App. 2009) (quoting Dixon v. Besco Eng'g, Inc., 463 S.E.2d 636, 640 (S.C. Ct. App. 1995). Although admitting that "Mr. and Mrs. Graham's decision to illuminate their home with candle light following their termination of power services for non-payment may certainly have been foreseeable," Progress contends that "their going to sleep with the candles lit or otherwise failing to attend to the candles so as to prevent them from falling was certainly by no means so." Appellee's Br. at 17.

Progress's approach misconstrues the relevant inquiry because South Carolina law does not require that particular events be foreseeable. For instance, the conduct of falling asleep without extinguishing candles need not have been foreseeable. See J.T. Baggerly, 635 S.E.2d at 101 ("[W]hile foreseeability of some injury from an act or omission is a prerequisite to establishing proximate cause, the plaintiff need not prove that the defendant should have contemplated the

6

particular event which occurred."); Childers v. Gas Lines, Inc., 149 S.E.2d 761, 765 (S.C. 1966) ("If the actor's conduct is a substantial factor in the harm to another, the fact that he neither foresaw nor should have foreseen the extent of harm or the manner in which it occurred does not negative his liability."); see also Mellen v. Lane, 659 S.E.2d 236, 248 (S.C. Ct. App. 2008) ("The original actor need not contemplate the particular intervening act responsible for the injury." (citing Oliver v. S.C. Dep't of Highways and Pub. Transp., 422 S.E.2d 128, 131 (S.C. 1992))). Instead, only the general harm (injury during a house fire) and general intervening cause (careless misuse of candles) need to have been foreseeable.

Progress concedes that "Mr. and Mrs. Graham's decision to illuminate their home with candle light following their termination of power services" was foreseeable. Appellee's Br. at 17. This seems obvious because people who have suddenly lost electricity will naturally try to illuminate their home without it, and candles are frequently used for this purpose. Common sense and ordinary experience reveal that people are sometimes careless when they use candles.[*]  Because candle use was

---

[*] The Grahams also support this with evidence: The National Fire Protection Association's research shows that from 1999 to 2001 "[o]ne-third (34%) of all home candle fires occurred after candles were left unattended, abandoned, or inadequately controlled." J.A. 152.

7

foreseeable, a reasonable jury could therefore conclude that some amount of candle misuse was also foreseeable. Progress also concedes that the Grahams' house fire foreseeably resulted from their using candles carelessly. See Appellee's Br. at 16 (asserting that "the direct and proximate cause of the fire resulted from the lit candles Mr. and Mrs. Graham had forgotten to extinguish prior to their having fallen asleep"). This means that, assuming careless misuse of candles was foreseeable, the Grahams' house fire arising from careless misuse of candles would also have been foreseeable.

The evidence presented also provides support for the conclusion that the alleged harm might have been foreseeable. Progress's website describes how people should handle power outages during severe weather. Among items people should have ready, the website mentions "[c]andles and lantern[s]." J.A. 217. More importantly, the website provides a warning indicating that people should exercise special care when using candles: "If possible, avoid using candles – using a camping lantern is safer. If you must use candles, remember that open windows and gusty winds can knock them over or blow flammable materials into them, so be careful about where you place them." J.A. 218. From this evidence, one could easily infer that Progress recognized that people who have just lost electricity might cause a house fire by using candles carelessly.

8

Our precedent Gardner v. Q.H.S., Inc., 448 F.2d 238 (4th Cir. 1971), also forecloses the argument that the Grahams' negligence in falling asleep without extinguishing the candles insulates Progress from liability. Gardner involved paraffin-filled hair rollers that, once boiled in water for 15 minutes, could be used to create curls. A nurse dressing for church after her night shift placed the hair rollers inside a pot containing water and activated the stove. She then started a bath but fell asleep in the bathtub. When the unattended pot boiled over, the hair rollers caused a fire which burned down her apartment building. The building owner sued the hair-roller manufacturer and seller for negligence and breach of warranty under South Carolina law, but the district court dismissed the action at summary judgment. On appeal, we held that "[t]he district judge was in error . . . in his apparent conclusion that . . . falling asleep was an act of intervening negligence which, as a matter of law, was the proximate cause of the fire and thereby insulated defendants from any liability on their part which the jury might have found had the case been submitted to it." Id. at 243.

                            III.

For all the above reasons, we hold that a reasonable jury could conclude that the Grahams' alleged harm was foreseeable.

                             9

We therefore reverse the grant of summary judgment on that ground. Because the district court found that proximate causation could not be established, the court never reached Progress's claim that relief should be barred under the doctrine of comparative negligence. The district court is free to consider that claim on remand.

REVERSED AND REMANDED