THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT
 SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
 PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Carol McCants White, Appellant,
 v.
 City of Georgetown Police Department and Georgetown County School District, Respondents.
 
 
 

Appeal From Georgetown County
  Diane Schafer Goodstein, Circuit Court
Judge

Memorandum Opinion No.  2010-MO-019
Heard June 25, 2010  Filed August 9, 2010

AFFIRMED

 
 
 
 Stephan Victor Futeral, and Thomas C. Nelson, both of Futeral
 & Nelson, of Mt. Pleasant, for Appellant.
 Douglas Charles Baxter, of Richardson Plowden & Robinson, PA,
 of Myrtle Beach, Leigh Powers Boan and William W. Doar, Jr., both of McNair Law
 Firm, PA, of Georgetown, and Mason A. Summers, of Richardson Plowden &
 Robinson, PA, of Columbia, for Respondents.
 
 
 

PER
 CURIAM:  Appellant Carol McCants White appeals
 from the circuit court's grant of a directed verdict in favor of Respondents
 City of Georgetown Police Department and Georgetown County School District.  We affirm pursuant to Rule 220(b)(1), SCACR and the
 following authorities:  Hinkle v. National Cas. Ins. Co., 354 S.C.
 92, 96, 579 S.E.2d 616, 618 (2003) (citation omitted) (acknowledging that when considering
 a directed verdict motion, the trial court is required to view the evidence and
 the inferences that can be drawn from that evidence in the light most favorable
 to the nonmoving party); Id. (noting that this Court will reverse the
 trial court's rulings on these motions only where there is no evidence to
 support the rulings or where the rulings are controlled by an error of law); Oliver
 v. S.C. Dep't of Highways and Public Transp., 309
 S.C. 313, 317, 422 S.E.2d 128, 131 (1992) (stating
 ordinarily proximate cause is a question for the jury, but when the evidence is
 susceptible to only one inference, it becomes a matter of law for the court); Horton
 v. Greyhound Corp., 241 S.C. 430, 441-42,
 128 S.E.2d 776, 782-83 (1962) (holding that in limited circumstances, a
 directed verdict on the issue of proximate cause is appropriate when an
 analysis of the plaintiff's claim reveals a lack of causation in fact or
 "but-for" connection between the defendant's alleged negligence and
 the plaintiff's injury).  
1. Georgetown County
 School District:  Larimore v.
 Carolina Power & Light, 340 S.C.
 438, 448, 531 S.E.2d 535, 540 (Ct. App. 2000) (noting the obvious requirement
 that in order for a claim to be brought under a theory equating to premises
 liability, the accused must own the property in question).
2. City of
 Georgetown Police Department:  S.C. Code Ann. § 15-78-60(20) (2005) (stating a
 " governmental entity is not liable
 for a loss resulting from: . . . (20) an act or omission of a person other than
 an employee including but not limited to the criminal actions of third persons
 . . . .").
AFFIRMED.
TOAL, C.J.,
 PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.